———o———

*Executors of Philyer Loop* vs. *Adminstratrix of Joseph B. Loop*.

That infancy will not protect an executor in a fraudulent execution of his trust.

THIS was an appeal taken from the decree of the Court of
Y

Grand-Isle, January, 1828.

Exr. *P. Loop* vs. adm. *J. B. Loop.*

Probate, relative to the accounts existing between the two estates. The accounts had been sent to an auditor who made a detailed report to this court, to which exceptions were taken. A great portion of the report and papers in the cause have no direct relation to any principle now to be decided; but only to various items of the accounts, some of which fall within those principles, and others are at rest without any exception to the auditor's decision. The history of the transactions of the parties, so far as need now be mentioned, is, That *Philyer Loop* was in trade, and, about a year before his death, took into partnership his son *Joseph B. Loop*, who was a minor, about eighteen or nineteen years of age. After this partnership had existed about a year, *Philyer* made his will, and soon after died. In his will he bequeathed as follows, to wit : " The other two thirds of my property I give and bequeath to my children above mentioned, equally forever, with this exception, that is, *Joseph B. Loop* is to have one half of the profits in trade while in company with me for about a year past, the other half of the profits, and the whole stock is to be considered my property." He made the said *Joseph B. Loop,* and *Lewis Sowles* and *Wm. L. Sowles,* his executors, who, after his death, proved the will, &c. *Joseph B. Loop* carried on the trade in the store and acted as executor till some time after he was of age, collecting debts and paying out money in satisfaction of debts, in whole and in part. After this he died, and the defendant took administration of his estate. The questions now principally litigated were, whether *Joseph B. Loop* is entitled to the whole profits of the trade during the partnership, or only half of the same, by virtue of the above clause in said will ? Also whether the infancy of said *Joseph B. Loop* shall screen him from accounting for the stock in trade, and any share of the profits belonging to the said *Philyer Loop* at his decease ?

The counsel for the defendant contended, That the decision of the auditor overruling the defence of infancy, was clearly incorrect. The stock in trade was the joint property of the two partners, and the infancy of *J. B. Loop* discharged him from his liability for the partnership debts, and his own debt to the firm, so far as the same was not for necessaries. The auditor, however,

has subjected the estate of *J. B.* {
*Loop* to the full extent of all these }
claims,* without any sufficient confirmation of his liability by
*J. B. Loop*, after arriving at full age.   A part payment of a debt
contracted in infancy is not a confirmation without an express
promise to pay the balance : much less is the mere settling of
partnership accounts to a trifling amount, as in this case ; That
the report ought to have shown what particular acts were done
by *J. B. Loop*, after he arrived at full age, and not show, general-
ly, that he settled some accounts and made some payments, &c.
Otherwise, the court must remain in doubt whether such acts
were sufficient to amount to a confirmation and a waiver of the
privilege of infancy.   The defendant insists that the estate of *J.
B. Loop* is made to answer for certain claims twice—once as
surviving partner, and once as executor of *P. Loop.*   The coun-
sel also contended, that the estate of *J. B. Loop* is wrongfully
charged with one half of the profits of the partnership—for that
by the will of *P. Loop* and the character of a partner, *J. B. Loop*
was entitled to the whole of said profits.

The counsel for the plaintiffs contended, 1st That from the
will it is evident the testator intended that *J. B. Loop* should have
but half of the profits of the trade of the firm of *P Loop & Son.*
And when this language of the testator is taken in connexion with
the facts, that *J. B. Loop* was a minor during the existence of the
partnership, that he put no capital into the stock of the firm, and
that there were no written articles of partnership, it appears to be
an irresistable inference that the testator would be understood as
making a simple declaration of the rights of himself and partner.
This construction is warranted by sound principles of law : for the
court will resort to extrinsic evidence to explain the interest of the
testator.—2 *Roberts on Wills* 16, 23.—6 *Term R.* 676, *Thomas*
vs. *Thomas.*—1 *Sw. Dig.* 456.—2 *Sw. Dig.* 97.   But if
by sound construction of the will and the nature of the partner-
ship, *J. B. Loop* is to recieve all the profits of the firm of *P.
Loop & son*, yet the defendant cannot in this action retain any
thing more than the share which belonged to *J. B. Loop*, as sur-
viving partner.   If the administratrix of *J. B. Loop* should be per-
mitted to retain the effects in her hands in satisfaction of a legacy

given to *J. B. Loop*, it might de-
feat the rights of the creditors and
other legatees.

2. Infancy cannot be pleaded in bar of the account before the
auditor. But if the defendant could avail herself of that plea, it
should have been pleaded in bar of the action before judgment to
account.—*3 Wilson* 73, *Godfrey* vs. *Saunders.—Cro. Eliz.* 830.
—1 *Bacon Abr.* 21.—*Cro. Car.* 116.—*Strange* 68.—*Cowp.*
728.—1 *Com. Dig.* 123-26.—1 *Sw. Dig.* 725. But if it can
be pleaded before the auditor, it is no bar to an action of account
against the defendant, as administratrix on the estate of the exe-
cutor, if it appear that the Executor was 17 years of age when
he took upon himself the execution of the trust.—5 *Co.* 24, *Rus-
sell's case.--Bing. on infancy,* 78. The administratrix of *J. B. Loop*
is estopped from pleading that he was an infant in bar of the ac-
count against him as executor. This subject has been adjudica-
ted upon by the Judge of Probate, in granting letters testamentary
to *J. B. Loop ;* and this adjudication is final and conclusive on all
parties, unless appealed from.—*Tol. on Ex.* 77.—3 *Term R.*
125, *Allen* vs. *Dundas.—1 Salk.* 38, *Blackborough* vs. *Davis.*
—2 *Bac. Ab.* 398. *J. B. Loop*, after he became of age, ratified
and confirmed all his acts done as executor while a minor.—*Bing.
on Infancy,* 67, 71, 113.—*Powell on Contracts,* 55. An infant can
be a partner in a mercantile transaction.—1 *Mont. on Partner-
ship* 167-9.—2 *Id.* 258.—14 *East.* 210, *Teed* vs. *Elworthy.*—
1 *Stark. R.* 26, *Glassop* vs. *Colman.* On the dissolution of the
partnership by the death of the adult partner, the effects of the
partnership pass by operation of law into the hands of the survi-
ving partner ; and these effects are liable in his hands for the part-
nership debts, though he may not be personally liable for these
debts: yet if on coming of age, he retain in his hands the partnership
effects, pays part of the debts of the firm, makes partial payment
on other outstanding debts, and collects the debts due to the firm ;
this is a confirmation and affirmance of all his contracts as partner,
and makes him personally liable for the debts of the firm.—*Tol-
ler on Ex.* 454 *and authorities there cited.*—2 *Mass. R.* 120,
*Wales* vs. *Willard.—Toller* 120.—*Powel on Contracts,* 55.—
3 *Burr.* 1802.

Hutchinson, J. delivered ⟨ Grand Isle, January, 1828.
the opinion of the court. The ⟩ Exr. *P. Loop* vs. adm. *J. B. Loop.*
court have considered the arguments, of counsel and have come
to the conclusion to accept the report. The terms of the part-
nership do not any where appear. It does not appear that *Joseph
B. Loop* was to have half of the profits of the trade, aside from
the will. And he being a minor at the time, his services, *prima
facie,* belonged to his father. But, it is probable there was an
understanding between them that the young man was to have half
the profits : but he was furnished with no evidence of it. And the
farther furnishes the evidence by the will, and at the same time,
to show conclusively that this is the half he mentions in his will,
he adds, "the other half of the profits and the whole stock are to
" be considered my property." That is,in dividing the estate it is
to be so considered. This is the only fair construction of that
clause of the will. The auditor has done right, therefore, in allow-
ing the estate of *Joseph B. Loop* one half only of the profits of
said trade. With regard to the infancy, the facts found and re-
ported by the auditor showing the acts of the said *Joseph,*after he
became of age, are rather too vague to warrant the conclusion
drawn, aside from his character of executor. But in that char-
acter he held all the property he has now to account for, from his
father's decease till his own. It was his duty to act the part of a
faithful executor in severing this property of his father from his
own, and keeping it safely,ready to account, and a breach of this
trust can never be covered by infancy. The auditor has done
right in holding him to account, the same as though as he had
been of full age. The report is accepted *in toto.*

*Smalley* and *Adams,* for plaintiffs.
*Brown* and *Royce,* for defendant.