No. 8325.

EMMA MARIONNEAUX, TUTRIX, VS. FORESTER BRUGIER.

When a boy is shot intentionally or carelessly by another boy with a shot gun loaded with powder and fired off on one the streets of New Orleans, the father of the boy who discharged the gun is liable for damages for the injury inflicted and suffering caused thereby.

The boy shot did not contribute to his own injury and excuse the fault of the other, because he would not or could not get out of the way when ordered by the boy shooting to do so.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston*, J.

---

*H. H. Walsh* for Plaintiff and Appellee.

*T. J. Semmes & Payne* and *James Legendre* for Defendant and Appellant.

---

The opinion of the Court was delivered by

TODD, J. This is an action brought by the plaintiff, as mother and tutrix of her minor son, for a wound inflicted on him by a minor son of the defendant, by the discharge of a gun in the hands of the latter, and for the suffering caused thereby.

The defense is, that the injury was the result of an accident, and that the plaintiff's son contributed thereto by his own carelessness or neglect.

From a judgment upon a verdict awarding one thousand dollars damages. the defendant appeals,

That the plaintiff's son was wounded by the discharge of a gun in the hands of the defendant's son loaded with powder and wad is unquestioned. The boy shooting was thirteen years of age and the one shot nine years. The shooting took place on one of the streets of this city on the 1st of January, 1880. · The wound was in the face and eyes, causing great pain and subjecting the wounded boy to medical treatment for several months. Upon receiving the shot the boy fell to the ground, his eyes filled with powder, a part of which penetrated one eye-ball and could not be removed, his face bleeding and swollen, and remains permanently disfigured.

The testimony as to the manner of shooting is conflicting. One witness, a man who was sitting on his doorsteps across the street from where the shooting took place, and says he saw the whole affair, testifies that the act was deliberately and intentionally done. That the boy raised the gun to his shoulder, pointed it at the plaintiff's son and fired when the latter was a few feet from him. That he, the witness, saw the boy fall and ran to him and carried him into a house.

The testimony of this witness is contradicted by others, whose version of the affair is, that the boy had just adjusted a cap on his gun, had the butt against his stomach, and whilst holding it in that position and after ordering the boy shot and others to get out of the way, the gun went off. However we may view the evidence, it is certain that the shooting was either intentional or the result of culpable or inexcusable carelessness on the part of the defendant's son. It was culpable in the first place, because the boy had no right to fire off his gun on one of the public thoroughfares of the city on New Year's day, or any other day. It was a wrongful act, regardless of any city ordinance on the subject. In the next place, his manner of handling the gun and suffering it to go off, adopting the view most favorable to him, in the midst of a crowd of boys, evinced great carelessness.

For injuries resulting from such acts, intentional or careless on the part of a child, the parent must respond. C. C. 2318.

It is contended, however, that the wounded boy was guilty of contributory negligence and, therefore, cannot recover.

We do not see it in that light, and find no room in this case for the application of the principle referred to.

The evidence shows that the defendant's son, with a crowd of other boys, was in the street, he firing off the gun, and some of the others discharging fire crackers; that the plaintiff's son, who was passing along on the other side of the street, attracted by the crowd and the noise, crossed over, and when he got near the place where the amusement was going on, received the shot. In this the unfortunate boy committed no wrong, but acted like any other child. Nor was he in fault in not promptly obeying the other boy's order to get out of his way. It was not *his* way; it was the public way or street, where the injured boy had a right to be; and it is possible that he did not see the gun pointing at him, and hear the order given him, or did not know in what direction to move.

The relative position of the boys was, that one was engaged in a wrongful act, the extremely dangerous pastime of shooting off his gun in the street, where persons were continually passing; and the other, an innocent spectator of the act.

If the defendant's son had been a soldier or policeman, who was required to carry a gun on the streets, in the discharge of his duties, and if his gun had accidentally gone off and shot some one who, intentionally or carelessly, had placed himself at its muzzle, when warned against it, the person shot might be considered as contributing to his own injury; but if the party thus lawfully with the gun should proceed to discharge it in the streets, it could not reasonably be held that one, shot by him, contributed to his injury, because he could not or

Tardos vs. Railroad Company.

would not get out of his way, though warned to do so. Such a doctrine would allow any one, on a festive occasion, or in a festive mood, to brandish his knife or fire off his pistol or gun on the street, and excuse himself for all injuries done and from all liability therefor, on the plea that the parties hurt were not sufficiently obedient or alert enough to escape his knife or bullet, when ordered to get out of the way, and that by such lack of obedience or alertness they contributed to their own injury. This would be only a slight exaggeration of the principle of the defense in this case.

No complaint is made that the damages were excessive, the contention being that there was no liability for any, and under the evidence we are not disposed to disturb the finding of the jury in this respect.

Judgment affirmed with costs.