# 94 - Appellate Courts of Illinois.

## City of Chicago v. Albert C. Banker.

### Gen. No. 11,269.

1. Unverified amendment—*when, sufficient, though interposed to. sworn bill.* The fact that an amendment to a sworn bill is unverified is waived and becomes immaterial where the defendant demurs thereto.

2. Injunction—*when, lies to restrain enforcement of municipal or-. dinance.* A bill seeking an injunction to restrain the enforcement of a municipal ordinance states a case within the jurisdiction of equity, where it avers that such ordinance is unconstitutional and void; that the complainant is liable to arrest and prosecution thereunder; that he has no adequate remedy at law; that if such ordinance is enforced, his business will be ruined, and that there are many others similarly situated.

3. Municipality—*powers of.* The charter of a municipality is the measure of its powers, and the enumeration of certain powers implies the exclusion of all others.

4. Ordinance—*when, restricting use of streets is invalid.* An ordinance which requires the owners of automobiles, who use their vehicles for private business and pleasure only, to submit to examinations and take out licenses, imposes a burden upon one class of citizens in the use of the streets which is not imposed upon others, and such an ordinance is, therefore, void.

5. Automobiles—*power of municipality to regulate use of.* A municipality has the power to regulate the speed of automobiles and to require the use of reasonable safety appliances. (See reporters' note at conclusion of opinion.)

Proceeding to enjoin municipality from enforcing automobile license ordinance. Appeal from the Circuit Court of Cook County; the Hon. John L. Healy, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed February 8, 1904. Rehearing denied February 25, 1904.

Granville W. Browning, for appellant; Edgar B. Tolman, Corporation Counsel, of counsel.

William A. Jennings, for appellee; Daniel V. Gallery, of counsel.

Mr. Justice Ball delivered the opinion of the court.

May 7, 1903, appellee filed a sworn bill against appellant and others " in his own behalf and in behalf of others similarly situated," in which he recites the automobile ordi-

nance enacted by appellant June 30, 1902; says he is the owner and operator of an automobile, is experienced in its management, and uses it for his pleasure and in his business as a dealer in such vehicles; that he is not a common carrier, nor does he use his automobile for hire; that appellant, through its agents, threatens to arrest him for running his automobile without having first obtained a license in compliance with the ordinance; that he believes such ordinance is unconstitutional and void, in that it is double taxation of personal property, etc.; and prays for an injunction against the defendants restraining each of them from arresting or prosecuting appellee or any other person similarly situated, etc. May 9, 1903, an unsigned and unverified amendment to this bill was filed, alleging that there are in the city of Chicago 1,500 other owners, users and drivers of automobiles who are affected by such ordinance, etc. On the same day an injunction as prayed for was issued. This appeal was perfected from that interlocutory order.

In the opinion heretofore filed herein, we held that the original bill was not sufficient to entitle appellee to an injunction; and that the amendment thereto, although filed by leave of the court, being unverified, did not remedy the defects nor supply the omissions of the sworn bill. Upon the petition for a rehearing, our attention is called to the fact that ten days after such an amendment was filed appellant demurred to the bill as it then stood. Thereby the well pleaded facts of the bill as amended were admitted to be true; and hence the fact that the amendment was not upon oath became immaterial. Fowler v. Fowler, 204 Ill. 82.

The bill as amended alleges, and the demurrer admits, that there are 1,500 other owners and operators of automobiles who are situated as is appellee, each of whom is liable to like arrest and prosecution under the ordinance; that many suits will be brought thereunder by the city; that there is no adequate remedy at law; and that if the ordinance is enforced the business of appellee will be ruined.

The bill also avers that the ordinance is unconstitutional

and void.  These allegations bring the case within the juris-
diction of a court of equity (Chicago v. Collins, 175 Ill. 445),
and the bill comes before us upon its merits.

The ordinance in question is declared to be invalid in this,
that under the penalty of a fine of not less than $5 nor more
than $25 for each offense, it requires every person in charge
of or operating an automobile upon or along any street or
other public place in the city of Chicago to be examined by
a board of examiners created by said ordinance, and to be
licensed as an "automobile operator," for which license a
certain fee is demanded.  The sections of said ordinance reg-
ulating the speed of automobiles, the use of a bell or gong,
brake and lamps, are not questioned.

The powers of the city council are enumerated in section
62 of chapter 24 of R. S., Hurd.  Among other powers is
that of regulating the use of streets and the speed of ve-
hicles within the limits of the corporation, and the power
to license and regulate certain occupations.  In the City of
Chicago v. Collins, 175 Ill. 445, a bill was filed by 373 resi-
dents and taxpayers of the city to enjoin the city from en-
forcing an ordinance providing that all vehicles used upon
the streets of the city, whether they were let for hire or
were in private use only, should pay an annual license fee.
Failure to obtain a license or to properly tag the vehicle
was punishable by fine.  Complainants were owners of
bicycles used solely in going from place to place and not for
hire.  They asserted that the city had no power to require
a license for the use of private vehicles upon the streets,
nor to impose a tax thereon by way of license.  The court
held that the right to travel being in the general public
everywhere, all persons have a right to pass along and use
the streets and alleys of a city in all their parts, the full
length and width thereof.  That any method of travel may
be adopted by individual members of the public which is an
ordinary method of locomotion, or even an extraordinary
method, if it is not of itself calculated to prevent a reason-
ably safe use of the street by others.  That the power given
to the city to regulate the use of the streets is conferred for

City of Chicago v. Banker.

the purpose of keeping them in condition for public use and travel. That any usual method of travel along the streets cannot be declared a nuisance. That the regulation as to speed of travel is for the safety of the public. That regulations as to certain occupations, such as hackmen and others having vehicles for hire, are occupation licenses only, and are an exercise of the police power. That a license implies a privilege—something that cannot be enjoyed without legal authority—and cannot be demanded for the exercise of a right, free and open to all " as is the right of the citizen to ride and drive over the streets of the city without charge and without toll, provided he does so in a reasonable manner." And that the authority upon the part of a city to impose a tax or to exact a license must clearly appear and must be strictly construed. Accordingly, the Supreme Court affirmed the decree of the trial court, which perpetually enjoined the enforcement of the ordinance.

In Wilkie v. City of Chicago, 188 Ill. 444, seventy-nine master plumbers filed a bill to enjoin the city from enforcing section 1415 of the Revised Code of the city requiring each master plumber to take out a license or be subject to a penalty prescribed by section 1421 of the same code. After these sections were enacted, the legislature passed a law relating to the business of plumbing which required every person engaging in that business to obtain a certificate from a board of examiners provided for in the act. The complainants alleged that they had each complied with this law. The city demurred to the bill. This demurrer the court overruled, and granted the injunction as prayed. The city appealed. The Supreme Court held that complainants were entitled to join in a suit in equity for the purpose of avoiding a multiplicity of actions, and of having the controversy settled in one hearing. That "a city has no inherent power to license any occupation or to exact a license fee from any person. The power to do so must be found in its charter, and it must be either expressly given or be a necessary incident to the carrying out of a power so granted. The power must be plainly and unmistakably

authorized by the legislature." That the power to enact sections 1415 and 1421 could not be claimed under clause 66 of said section 62 "To regulate the police," etc., nor under clause 78 relating to the promotion of health or the suppression of disease. The court decided that said sections 1415 and 1421 were nullified by the law above cited; and affirmed the decree of the trial court.

In City of Cairo v. Bross, 101 Ill. 475, the municipality had passed an ordinance requiring every one carrying on the business of a merchant within the city limits to procure a license therefor. In an action brought under this ordinance, the Supreme Court say: "When the legislature, by the general incorporation act, declares that the corporate authority of cities and villages organized and acting under its provisions shall have power to license certain occupations and kinds of business, such declaration must, by a familiar canon of construction, be construed precisely as if the act in express terms inhibited the licensing of all trades and occupations not contained in the enumeration."

Conceding that what is fairly implied is as much granted as what is expressed, the charter of a corporation is the measure of its powers, and the enumeration of those powers implies the exclusion of all others. Thomas v. W. J. Ry. Co., 101 U. S. 82.

In Kiel v. City of Chicago, 176 Ill. 137, the appellant was arrested and fined for failing to comply with an ordinance of the city requiring agents of out-of-town breweries to take out a brewer's license before selling the product of such breweries in the city. The police power clause, as well as various clauses specifically enumerating trades to be licensed, were urged as authority for passing the ordinance. In reply the court said: "The powers conferred by the last two clauses are express powers, specifically enumerated, and by a familiar canon of construction, it will be presumed the act in express terms inhibited the licensing of all trades and occupations not contained in the enumeration. The principle is that a power may be fairly implied as to police,

City of Chicago v. Banker.

but where a power is expressly enumerated in the charter of a corporation, that is the measure thereof, and the enumeration of such power implies the exclusion of all others. * * * The power to pass an ordinance and impose a penalty for its violation is to be strictly construed, and is not to be extended by implication to persons or things not expressly within the terms of such power."

In Bessette v. The People, 193 Ill. 334, the city of Aurora had adopted the provisions of the act of the legislature, in force July 1, 1897, regulating the practice of horseshoers in the state. The language of the act shows that the license fee therein required was not imposed for revenue, but for regulation, namely, for paying the expenses of enforcing the law. Appellant was prosecuted under the act and found guilty and fined. From this judgment he appealed. The Supreme Court held, that laws which interfere with the personal liberty of the citizen and with his right to pursue such avocation or calling as he may choose, cannot be constitutionally enacted, unless the public health, comfort, safety or welfare demands their enactment; and that it is the duty of the courts to determine whether or not a law impairing the right of a citizen to follow his individual preference in the choice of an occupation comes within any of these exceptions. Then follows a review of the facts, from which the court finds the act of 1897 to be invalid, and the judgment of the trial court is therefore reversed.

In the case at bar the right of appellee to use the streets is undoubted. It is true that he must use them without interfering with the safety of others in the exercise of the same right; subject to that limitation his right cannot be regulated by an ordinance. The fact that an automobile is a comparatively new vehicle is beside the question. The use of the streets must be extended to meet the modern means of locomotion. Moses v. P. F. W. & C. Ry. Co., 21 Ill. 515. The speed of the automobile may be regulated, and reasonable safety appliances, such as gongs and brakes, may be required; but to compel one who uses his automobile for his private business and pleasure only, to submit to an examina-

tion and to take out a license (if the examining board see fit to grant it) is imposing a burden upon one class of citizens in the use of the streets, not imposed upon the others. We must therefore hold this ordinance, so far as it obliges appellee to take out a license before he can use his own automobile in his own business or for his own pleasure, is beyond the power of the city council, and is therefore void.

The decree of the Circuit Court is affirmed.

*Affirmed.*

REPORTERS' NOTE. The legislature of 1903 enacted a law entitled "An act to regulate the speed of automobiles and other horseless conveyances upon the public streets, roads and highways of the State of Illinois," which seems to have been much overlooked. The full text of this law is to be found in our second supplement to Starr & Curtis's Annotated Illinois Statutes, page 500, and on page 300 of the Session Laws of 1903. This law is, however, in nowise applicable to this case, but we refer to it as a matter of general interest.