PEARL H. HALL, Respondent, v. WILLIAM R. COMPTON, Appellant.

Kansas City Court of Appeals, March 2, 1908.

1. ROADS AND HIGHWAYS: Frightening Horses: Negligence: Law of the Road: Automobiles: Police. All sorts of people and all kinds of conveyances may use the highway with equal right and as long as the driver observes "the law of the road" and proceeds with care of an ordinarily prudent person in his situation he cannot be held liable for an injury caused by the fright of the animals at his appearance or that of his vehicle; and this rule applies to automobiles, though under the police power they may be subject to special regulations.

2. ——: ——: ——: ——: ——: ——: Accident. If a chauffeur runs his automobile at a moderate rate of speed and keeps to the right of the center to afford sufficient passage room for

those he meets, and while keeping proper lookout observes no appearance of fright of an approaching horse, he has the right to proceed and is not liable for the sudden and unexpected unruly conduct of the horse when, in the exercise of reasonable care, he could not avoid the resulting injury by stopping his machine, and such incident should be regarded as an accident.

3. ——: ——: ——: ——: ——. The possession of a powerful and dangerous vehicle instead of giving the possessor the right of way imposes the duty of employing care commensurate to the risk of danger to others engendered by the presence of his vehicle on a public thoroughfare, and the driver's duty is much the same as that of the motorman of a street car; and he must know that even a gentle horse may be frightened by the careless handling of his automobile.

4. ——: ——: ——: ——: ——: Demurrer. Evidence relating to the frightening of a horse by an automobile on the streets of a town is held sufficient to send the case to the jury on the common law count for negligence

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

AFFIRMED.

*Dysart & Mitchell* for appellant.

(1) It was error for the court to refuse defendant's instruction by way of demurrer to the evidence. (2) This is a case in which the trial court should have required the plaintiff to elect upon which count and cause of action he would proceed. The first count was based upon the violation of the city ordinance, simply and purely. The second count was at common law.

*Guthrie & Franklin* and *Davis & VanCleve* for respondent.

(1) The court did not err in refusing to require plaintiff to elect upon which of the two counts of his petition he would go to the jury. Maguire v. Transit Co., 103 Mo. App. 459; Pattison's Missouri Code Pleading, chap. 35, secs. 861, 862, p. 441; Sciter v. Bischoff, 63 Mo. App. 157; Bank v. Wall Paper Co., 77 Fed. 85; Rainard v. Railroad, 164 Mo. 270.

JOHNSON, J.—A horse which plaintiff was driving along a public street in the city of Macon took fright at a passing automobile, suddenly jumped to one side and tilted the vehicle to which it was hitched sufficiently to throw plaintiff from his seat to the ground and injure him. · Plaintiff sued the owner of the automobile for damages, alleging that the horse was frightened by the negligent manner in which the machine was operated, and recovered judgment in the sum of two hundred dollars.

It appears from the evidence introduced by plaintiff that on July 7, 1905, plaintiff and two other men, his guests, were driving northward on Rubey street in a single-seated runabout drawn by one horse. The conveyance belonged to plaintiff who was doing the driving and who was seated between his companions, partly on their knees. He drove in a walk along the east side of the street which was paved with brick to a width of about twenty feet and, at the place of injury, was on an embankment some three or four feet above the level of the adjacent lots. His horse was nine years old, very gentle and accustomed to being driven in the city and to meeting and being passed by automobiles. A two-seated gasoline motor car, owned and operated by defendant and occupied by five persons, approached from the north and without checking speed or deviating from a course in the middle of the street ran close to plaintiff's horse, causing it to jump suddenly and unexpectedly to the right and thereby to run the wheels, on the east side of the vehicle, part way down the embankment on that side of the street. Plaintiff was thrown to the ground and sustained injuries the nature and extent of which it is not necessary to state. The automobile in passing, made a noise and emitted an odor common to machines run by gasoline power and the speed at which it passed is

variously estimated by plaintiff and his witnesses at from fifteen to twenty miles per hour. The horse showed neither fright nor restiveness until the forward end of the machine reached a point on a line with its head and its sudden fright surprised the occupants of the runabout as well as those of the automobile. Defendant and his witnesses testified to a different state of facts from those just stated. They say that the automobile kept well to the west side of the street, did not come in close proximity to the horse in passing; that its speed did not exceed eight miles per hour and that it could not be run fast at that place because of the facts that it was in bad order and had just climbed a hill on the gearing for low speed. Further, they said defendant paid close attention to the way ahead of him and, observing no indication of nervousness either on the part of the horse or of the occupants of the runabout, supposed he could proceed without endangering their safety. The charge of negligence in the petition is "that the defendant so carelessly, negligently and recklessly operated, managed and drove his said automobile while approaching and meeting this plaintiff upon said highway as to scare and frighten plaintiff's horse and to cause it to become unmanageable and to run away with plaintiff; that defendant carelessly, negligently and recklessly managed, operated and ran his said automobile at so dangerous, reckless and negligent high rate of speed; that he carelessly, negligently and recklessly ran said automobile at, toward and so near this plaintiff and his said horse and at so great a rate of speed as to cause said horse to become frightened, scared and unmanageable and to run away with plaintiff; that defendant negligently, carelessly and recklessly ran and operated his said automobile so close to the plaintiff's vehicle as to occupy nearly the entire road and to drive plaintiff's horse and buggy from the same."

The petition contained two counts. In the first, an ordinance of the city relating to automobiles was pleaded, in which it is provided "that it shall be unlawful for any person to operate any vehicle propelled by steam, electricity, gas, gasoline or any other motive power over the streets, alleys and avenues of said city of Macon, Missouri, at a greater rate of speed than nine miles per hour," and the gravamen of the cause asserted therein is the negligent breach of said ordinance. In the second count, the ordinance is not pleaded and the cause stated is common law negligence. Before the introduction of testimony, defendant asked the court to require plaintiff to elect on which count or cause of action he would proceed, but the court overruled the motion. The ordinance was received in evidence over the objection of defendant, but at the close of the evidence, plaintiff voluntarily dismissed the first count and the issues submitted under the instructions given were those relating to the common law action pleaded in the second count. The answer of defendant contained a general denial and the plea that the injuries of plaintiff "if any, were the result of the negligent manner in which he managed and controlled the team" (horse).

The first point made by defendant is that the learned trial judge erred in refusing to instruct the jury peremptorily to find for defendant. If the state of facts disclosed by defendant were the conceded facts of the case, his position would be well grounded. His evidence completely exonerates him from any imputation of common law negligence. The frightening of a horse driven or ridden along a public highway caused by encountering a vehicle or pedestrian does not, of itself, raise any inference of negligence on the part of the pedestrian or the driver of the vehicle. The law contemplates that all sorts of people and all kinds of conveyances may use the highway with equal right and, as long as the driver

of a lawful vehicle observes the laws of the road and proceeds with the degree of care to be expected of an ordinarily careful and prudent person in such situation, he cannot be held liable for an injury caused by the fright of the animal at his appearance or at that of his conveyance. Automobiles, though of recent invention, are lawful vehicles and as such are entitled to the privilege of using the public highways. Their drivers have equal rights with the occupants of wagons, carriages and other vehicles. We concede that, in the exercise of police power, the legislature may regulate the manner in which they shall be operated. [State v. Swagerty, 203 Mo. 517; Christy v. Elliott, 74 N. E. 1035.] In 1903, the Legislature of this State enacted statutes dealing with this subject but, as we have intimated, our concern in the present case is not with a cause of action founded on a violation either of a statutory or municipal enactment, but relates solely to a breach of common law duty. Defendant had the right to run his machine on the public streets of Macon and is not liable in damages for an injury caused by the scaring of plaintiff's horse, provided, at the time he was proceeding with due care and with a proper regard for the safety of others whose right to use the street was equal to his own. Therefore, if defendant, as he claims, ran the automobile at a moderate rate of speed, turned to the right of the center of the road to afford plaintiff a sufficient passageway and, while keeping a proper lookout, observed no appearance of fright in the approaching horse, he had the right to proceed; and, if the horse suddenly and unexpectedly became unruly at a time when defendant, in the exercise of reasonable care, could not avoid the resultant injury by stopping his machine, the injury should be regarded as an accident for which defendant should not be called to account.

But the weakness of defendant's position is that it rests entirely on his own evidence which is contra-

dicted in very material respects by substantial evidence introduced by plaintiff. It was the duty of the trial court, in ruling on the demurrer to the evidence to give due weight to the facts in evidence most favorable to the cause of action asserted. These facts, we think, tend to accuse defendant of negligence in the respects charged in the petition and thus to raise an issue of fact to go to the jury. While plaintiff admits his horse did not become frightened until it was about to pass the automobile, it is very clearly shown that the fright was caused by the co-operation of the negligent acts of running the machine at a reckless rate of speed and of the appropriation by defendant of the use of the whole of the center of the road which brought the car so close to the horse that, though gentle and accustomed to meeting automobiles, it suddenly was seized by fear of harm. Though, as we have said, automobiles are lawful vehicles and have equal rights on the highway with horses and carriages, their drivers should operate them with that degree of care and prudence and that consideration for the rights and safely of others to be expected of ordinarily prudent and humane persons. Being heavy, powerful, fast and noisy, motor cars if carelessly handled are as terrifying as they are dangerous. A reasonably considerate person in the situation of defendant would have anticipated the danger to the safety of the occupants of the buggy in running his car headlong in such close proximity to the horse. The possession of a powerful and dangerous vehicle, instead of giving defendant any right of way, imposed on him the duty of employing care commensurate to the risk of danger to others engendered by the presence of his vehicle on the public thoroughfare. We approve what was said by the St. Louis Court of Appeals in McFern v. Gardner, 121 Mo. App. 1. "It (the automobile) is of great weight, made very strong and in a collision with an ordinary vehicle is capable of smashing it without serious

damage to the machine itself, and while it has equal rights on the road with the ordinary vehicle, it is a sort of menace to the traveling public and, on account of the danger to others incident to its operation upon public highways, the chauffeur in charge is bound to exercise care commensurate with the risk of injury to other vehicles and pedestrians on the road; and this risk of injury, it seems to us, is as great if not greater than is the risk of injury to vehicles and pedestrians traveling on and across streets upon which street cars are operated by electric power, and we can see no reason why the chauffeur in charge of an automobile, traveling on a public highway in a populous city should not be held to the same degree of care in respect to pedestrians and other vehicles upon the street as is a motorman in charge of a street car running on a public street; if so, then it was the duty of defendant's chauffeur to keep a vigilant watch ahead for vehicles and pedestrians and on the first appearance of danger to take proper steps to avert it." This humane principle applies with equal force to the facts detailed by plaintiff. A person always must exercise his own right in a manner not to injure others. Knowing, as he must have known, that even a gentle horse might be frightened by a car carelessly handled, defendant, in being careless, put himself in the attitude of asserting by superior force a paramount right to the use of the street. This the law will not tolerate. If those who use automobiles must indulge in the pleasure of making others give way, they must expect to respond in damages when injury results from such unwarrantable conduct. The following authorities sustain the views expressed: Indiana Springs Co. v. Brown, 74 N. E. 615; Murphy v. Wait, 92 N. Y. Supp. 253; Mason v. West, 70 N. Y. Supp. 478; Shinkle v. McCullough, 77 S. W. (Ky.) 196; McFern v. Gardner, supra; Christy v. Elliott, supra.

No error was committed in overruling the demur-

rer to the evidence, nor is there any prejudicial error to be found in the instructions given. Other grounds for a reversal of the judgment are urged by defendant, but we find them to be without merit. The case was fairly tried and submitted and, accordingly, the judgment is affirmed. All concur.