---

(143 App. Div. 220.)

### FREIBAUM v. BRADY.

(Supreme Court, Appellate Division, First Department. March 10, 1911.)

1. MASTER AND SERVANT (§ 302*)—INJURIES TO THIRD PERSONS—LIABILITY.

     An owner of an automobile is not liable for injuries to a pedestrian merely because he owns the car, or because the chauffeur was employed by him, if at the time the chauffeur was not engaged in defendant's business.

     [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217–1221; Dec. Dig. § 302.*]

2. MUNICIPAL CORPORATIONS (§ 705*)—NEGLIGENCE IN USE OF STREET—LIABILITY.

     Where two brothers each owned automobiles, and kept them in a garage with the understanding that they could use them interchangeably and call chauffeurs when needed, and defendant's brother called for a chauffeur and used defendant's car, and the chauffeur ran into plaintiff the defendant was not liable.

     [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. § 705.*]

Appeal from Trial Term, New York County.

Action by Benjamin Freibaum against James C. Brady. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and MILLER, JJ.

Frank V. Johnson, for appellant.
Joseph H. Kohan, for respondent.

McLAUGHLIN, J. Plaintiff sustained personal injuries by a motor car owned by the defendant running into him, and brought this action to recover therefor on the theory that the defendant was responsible for the chauffeur's negligence. He had a recovery, and defendant appeals.

The facts established at the trial are sufficient to sustain the finding of the jury that the plaintiff was free from negligence and that his injuries were caused solely by the negligence of the chauffeur; but something more than this had to be established before defendant could be held liable. He could not be made liable simply because he owned the car, or because the chauffeur was employed by him, if at the time he was not engaged in defendant's business. Cunningham v. Castle, 127 App. Div. 580, 111 N. Y. Supp. 1057; Maher v. Benedict, 123 App. Div. 579, 108 N. Y. Supp. 228; Clark v. Buck Mobile Co., 107 App. Div. 120, 94 N. Y. Supp. 771; Stewart v. Baruch, 103 App. Div. 577, 93 N. Y. Supp. 161.

There is very little dispute between the parties as to the material facts. The defendant and his brother Nicholas F. each owned a motor car, substantially alike except as to color. Both cars were kept in the Automobile Realty Company Garage, and by a mutual arrangement each had permission to use the other's car. Each had been accustomed from time to time, when he needed a chauffeur, to communicate that fact to the Automobile Realty Company, which would procure one from the New York Transportation Company, and bills for his services would be rendered by it to the one who ordered him. At the time of the accident the defendant lived at Woodmere, L. I., while his brother and wife were stopping at the St. Regis Hotel in this city. The accident occurred a little after 10 o'clock in the evening on the 21st of January, 1908. During that day some one other than the defendant, acting for Mr. or Mrs. Nicholas F. Brady, notified the Realty Company, or the Transportation Company, that they required a chauffeur. In response to the notice the Transportation Company sent one of its chauffeurs, by the name of Curran, to the garage where the cars were kept, and the defendant's car was delivered to him; the other one being out of repair. As directed, he drove the car to the St. Regis Hotel, and, after taking Mrs. Brady on a shopping tour, was directed by her to return about 8 o'clock in the evening to take Mr. Brady and herself to the theater, which he did. On leaving them at the theater he was told to return at 10:45; and it was while on his way back to the theater that the accident occurred. The Transportation Company rendered a bill for the services of the chauffeur to Nicholas F., and he paid the same.

There is nothing in the record to sustain the finding of the jury that the chauffeur, at the time the accident occurred, was acting as an employé of the defendant. The defendant did not employ, pay, direct, or

control him in any way; in fact, he did not know that his car was being used at the time. His only connection with the accident was the fact that he owned the car and permitted his brother to use it. I know of no principle upon which, under such circumstances, he can be held liable; on the contrary, the authorities already cited are the other way.

But, even if it be assumed that the chauffeur was employed and paid by the defendant, I do not think that would make him liable. The arrangement simply amounted to the loaning of the car, with the driver, to the brother for his own use and purposes. The defendant would not be chargeable with the negligence of the driver while thus running the car, for the reasons stated by Lord Cockburn in O'Rourke v. White Moss Colliery Co., L. R. 2 Com. Pl. Div. 205, as follows:

"When one servant lends his servant to another for a particular employment, the servant, for anything done in that particular employment, must be dealt with as the servant of the man to whom he is lent, although he remains the general servant of the person who lent him."

This authority is cited with approval in Higgins v. Western Union Tel. Co., 156 N. Y. 75, 50 N. E. 500, 66 Am. St. Rep. 537, where the same principle is stated by Judge O'Brien, as follows:

"But the doctrine of respondeat superior applies only when the relation of master and servant is shown to exist between the wrongdoer and the person sought to be charged with the result of the wrong at the time and in respect to the very transaction out of which the injury arose. The fact that the party to whose wrongful or negligent act an injury may be traced was, at the time, in the general employment and pay of another person, does not necessarily make the latter the master and responsible for his acts. The master is the person in whose business he is engaged at the time, and who has the right to control and direct his conduct. Servants who are employed and paid by one person may, nevertheless, be ad hoc the servant of another in a particular transaction, and that, too, when their general employer is interested in the work."

It is unnecessary to cite the numerous authorities in this state to the same effect; but see Wylie v. Palmer, 137 N. Y. 248, 33 N. E. 381, 19 L. R. A. 285; McInerney v. D. & H. Canal Co., 151 N. Y. 411, 45 N. E. 848; Casey v. Davis, 138 App. Div. 396, 122 N. Y. Supp. 804; Fish v. Coolidge, 47 App. Div. 159, 62 N. Y. Supp. 238.

When the foregoing rule is applied to the facts here, it at once becomes apparent, as it seems to me, that the defendant was in no way responsible for the accident. The chauffeur, at the time the accident occurred, was engaged in the business of the defendant's brother. He was subject to his orders. He alone could control and direct his movements.

It follows, therefore, that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.