## McNEAL v. McKAIN.

No. 1868.   Opinion Filed September 11, 1912.

(126 Pac. 742.)

**PARENT AND CHILD**—Negligence of Child—Liability of Parent.   A father bought an automobile for the pleasure and comfort of himself and family; his minor son, who was a member of his family, being authorized to use it at any time for such purpose.   The son in taking it out for the pleasure of himself and sister, with a friend, who was a guest of the father's family, was a servant or agent of the father in taking his sister and the guest of the family driving therein, and was not performing a service independent of his father, but the business of his father, making the father liable for his negligence in driving it.

(Syllabus by the Court.)

*Error from District Court, Logan County;*
*A. H. Huston, Judge.*

Action by Josie M. McKain against Joseph W. McNeal. Judgment for plaintiff, and defendant brings error.   Affirmed.

*Horace Speed* and *Devereux & Hildreth,* for plaintiff in error.

*F. H. McGuire* and *C. G. Hornor,* for defendant in error.

WILLIAMS, J.   This proceeding in error is to review the judgment of the lower court, wherein the defendant in error, as plaintiff, sued the plaintiff in error, as defendant, to recover damages for personal injuries sustained on account of a collision with an automobile belonging to said defendant.   On the theory of the plaintiff's evidence, the injuries were occasioned through the negligent handling of defendant's automobile by his son Paul, who was then a minor and living with his father, the defendant; and Paul operated said machine with the consent of the defendant, and, when the accident happened, he was driving with a guest of his (defendant's) house, with his (defendant's) daughter.

The court instructed the jury in part as follows:

"You are instructed that neither parent nor child is answerable, as such, for the act of the other.   And the defendant in this

case cannot be held liable for any act of negligence on the part of his son Paul merely because of such relationship. If you find that the injuries complained of in this case were not caused by any negligence of the plaintiff contributing thereto, but were caused by the negligence of Paul McNeal while he was engaged in business or pleasure of his own and was not acting as the servant of the defendant nor for him nor in the prosecution of the defendant's business, the said Paul would be liable for the injuries sustained by plaintiff, but the defendant would not, and your verdict should be for the defendant. The business of a person in this connection is not necessarily limited to financial matters nor the making of a living, but may include his pleasures, his interests, and duties other than financial, and anything which he directly or indirectly directs to be done."

This instruction is not challenged by any specification of error.

Section 4914, Comp. Laws 1909, provides that "neither parent nor child is answerable, as such, for the act of the other." This statute seems to be declaratory of the common-law rule. At common law no such relation exists between father and son, though the son be living with his father as a member of his family, as will make the tortious acts of the son more binding upon the father than the acts of any other person. The father is not liable for the contracts of the son, within age, except they be for necessaries, and it would be a departure from the common law as a rule to hold him responsible for the son's trespass and wrongs. *Moore v. Powers,* 8 C. B., N. S., 611; *Tifft v. Tifft,* 4 Denio (N. Y.) 175; *Baker v. Haldeman,* 24 Mo. 219, 69 Am. Dec. 430; *Paul v. Hummel,* 43 Mo. 119, 97 Am. Dec. 381. The rule as to the liability of the parent for the tort of the child at civil law is different from that at common law. *Marionneaux v. Brugier,* 35 La. Ann. 13; *Hagerty v. Powers,* 66 Cal. 368, 5 Pac. 622, 56 Am. Rep. 101. Pothier, in his work on Obligations (volume 2, p. 34), says:

"The doctrine that fathers and others shall be responsible for the acts of children under their care, which it was in their power to prevent, appears highly reasonable; but I am not aware of any cause in which it is adopted in the English law."

At common law a minor is liable at any age for a tort, when committed with force, to be proceeded against as an adult. *Jennings v. Randall,* 8 T. R. 335; *Loop v. Loop,* 1 Verm. 177; *Bullock v. Babcock,* 3 Wend. (N. Y.) 391. See, also, *International Land Co. v. Marshall,* 22 Okla. 693, 98 Pac. 951, 19 L. R. A. (N. S.) 1056.

The plaintiff claims to be entitled to recover, not on the ground of the parental and filial relation, but because the son, Paul, in the operation of the defendant's machine, was his servant and engaged in his business, and the defendant was liable for his negligence. The master is liable to third persons for all damages resulting from the negligence of his servants, acting under his orders, or in the course of his business. Specific directions are not required. It is sufficient if the act was one within the range of the servant's employment. The general rule, as judicially declared in England and America, is that the master is answerable for every wrong of his servant committed in the course of the service and for the master's benefit, though no express command or privity of the master be proven. *Mitchell v. Crassweller,* 76 Eng. C. L. 236; *Maddox v. Brown,* 71 Me. 432, 36 Am. Rep. 336. In *Lashbrook v. Patton,* I Duv. (Ky.) 317, it is said:

"Appellant's minor son, whilst driving his two sisters to a 'picnic,' in his father's carriage, drawn by his father's horses, and with his father's approbation, all being members of his father's family, through negligence, ran against appellee's carriage, causing his horse to frighten and run, turn over and break his carriage, and throw out his daughter. * * * The son must be regarded as in the father's employment, discharging a duty usually performed by a slave, and therefore must, for the purposes of this suit, be regarded as his father's servant. The doctrine that masters are responsible for the injuries arising from the carelessness of their servants whilst in the master's employment and the discharge of their duties has been so long recognized and acted on that we scarcely deem it necessary to elaborate the reasons or recite authorities."

See, also, *Bard v. Yohn,* 26 Pa. 482; *Howe v. Newmarch,* 12 Allen (Mass.) 49; *Herlihy v. Smith,* 116 Mass. 265; *Mirick v. Suchy,* 74 Kan. 715, 87 Pac. 1141 [11 Ann. Cas. 366]; *Smith*

*v. Davenport,* 45 Kan. 423 [25 Pac. 851, 11 L. R. A. 429, 23 Am. St. Rep. 737]; *Sheridan v. Chadwick,* 4 Daly (N. Y.) 338.

In 1 Shear. & R. Neg. (5th Ed.) sec. 147, the rule is laid down as follows:

"In determining whether a particular act is done in the course of the servant's employment, it is proper first to inquire whether the servant was at the time engaged in serving his master. If the act is done while the servant is at liberty from service, and pursuing his own ends exclusively, there can be no question of the master's freedom from all responsibility, even though the injury complained of could not have been committed without the facilities afforded to the servant by his relation to the master."

See, also, *Sheridan v. Chadwick, supra; Cavanaugh v. Dinsmore,* 12 Hun (N. Y.) 465; *Bard v. Yohn, supra; Joel v. Morison,* 6 Car. & P. 501.

An automobile is not *per se* a dangerous agency. *Lewis v. Amorous,* 3 Ga. App. 50, 59 S. E. 338; *Shinkle v. McCullough,* 116 Ky. 960, 77 S. W. 196, 25 Ky. Law Rep. 1143, 105 Am. St. Rep. 249; *Christy v. Elliott,* 216 Ill. 31, 74 N. E. 1035, 1 L. R. A. (N. S.) 215, 108 Am. St. Rep. 196, 3 Ann. Cas. 487; *Chicago v. Banker,* 112 Ill. App. 94; *McIntyre v. Orner,* 166 Ind. 57, 76 N. E. 750, 4 L. R. A. (N. S.) 1130, 117 Am. St. Rep. 359, 8 Ann. Cas. 1087; *Indiana Springs Co. v. Brown,* 165 Ind. 465, 74 N. E. 615, 1 L. R. A. (N. S.) 238, 6 Ann. Cas. 656; *Smith v. Jordan,* 211 Mass. 269, 97 N. E. 761; *Hartley v. Miller et al.,* 165 Mich. 115, 130 N. W. 336, 33 L. R. A. (N. S.) 81; *Slater v. Advance Thresher Co.,* 97 Minn. 305, 107 N. W. 133; *Dailey v. Maxwell,* 152 Mo. App. 415, 115 S. W. 355; *Hall v. Compton,* 130 Mo. App. 675, 108 S. W. 1122; *Danforth v. Fisher,* 75 N. H. 111, 71 Atl. 535, 21 L. R. A. (N. S.) 93, 139 Am. St. Rep. 670; *Vincent v. Crandall,* 131 App. Div. 200, 115 N. Y. Supp. 600; *Knight v. Lanier,* 69 App. Div. 454, 74 N. Y. Supp. 999; *Steffen v. McNaughton,* 142 Wis. 49, 124 N. W. 1016, 26 L. R. A. (N. S.) 382, 19 Ann. Cas. 1227; *Jones v. Hoge,* 47 Wash. 663, 92 Pac. 433, 14 L. R. A. (N. S.) 216, 125 Am. St. Rep. 915.

So the. rules that apply at common law as to the servant in charge of vehicles belonging to the master are applicable to chauffeurs or persons in charge of motor cars of the master. Vehicles and motor cars may be used, not only for the business of the master for profit, but also in his business for pleasure. If Paul, the minor son of the plaintiff in error, had been driving his father's carriage (whilst he was a member of his family) in which were contained his sister and a guest of his father's house, the same being done by him with the express or implied consent of his father, the relation of master and servant would exist, and the father would be liable for the negligent acts of the minor son whilst engaged in the driving of the carriage, and the same rule is supported by authority as to motor cars. *Stowe v. Morris,* 147 Ky. 386, 144 S. W. 52; *Smith v. Jordan,* 211 Mass. 269, 97 N. E. 761; *Moon v. Matthews,* 227 Pa. 488, 76 Atl. 219, 29 L. R. A. (N. S.) 856, 136 Am. St. Rep. 902.

In the following cases the relation of master and servant as between father and son was held not to exist: *Reynolds v. Buck,* 127 Iowa, 601, 103 N. W. 946; *Doran v. Thomsen,* 74 N. J. Law, 445, 66 Atl. 897; *Cunningham v. Castle,* 127 App. Div. 580, 111 N. Y. Supp. 1057; *Maher v. Benedict,* 123 App. Div. 579, 108 N. Y. Supp. 228. In *Doran v. Thomsen, supra,* the first paragraph of the syllabus is as follows:

"Where a father was possessed of an automobile which he kept upon his premises, and his daughter, about nineteen years of age, was accustomed to drive it and did so whenever she felt like it, asking permission to use it when the father was at home, but, when not at home, took it sometimes without permission, there being no proof that the daughter was actually employed by the father to operate the machine, *held,* in an action against the father, where the daughter in using the machine for her own pleasure in driving her personal friends negligently injured a person in the highway, that such proof was not sufficient to constitute the daughter the servant or agent of the master, and that a motion for a direction of a verdict for the defendant should have prevailed."

In the opinion it is said:

"It would subject a parent to liability if he bought for his son a baseball or for his daughter a golf club, and by permitting

them to be used by his children for their appropriate purposes. injury occurred. It bases the creation of the relation of master and servant upon the purpose which the parent had in mind in acquiring ownership of the vehicle and its permissive use by the child. This proposition ignores an essential element in the creation of that status as to third persons, that such use must be in furtherance of and not apart from the master's service and control, and fails to distinguish between a mere permission to use and a use subject to the control of the master and connected with his affairs. The reason for liability is founded upon the idea of control which a master has over his servant. The court, although attempting to rest the liability upon the relation of master and servant, yet actually tested the liability by the fact that she was intrusted with the operation of the machine for her own pleasure, if purchased for that object, whereby she *ipso facto* became a servant. So that the charge thus, in fact, left the legal relationship of master and servant out of account and raised it in name only because the daughter was allowed to drive the machine."

The syllabus would indicate that the New Jersey case was. against the rule announced above by this court, but it seems to go further than the opinion in the case justifies. If the daughter had had the machine out for the pleasure of the members of her father's family, that would have been a different case from that decided by said court.

In *Stowe v. Morris, supra,* the Kentucky Court of Appeals seems to regard *Doran v. Thomsen, supra,* as in conflict with its. holding in that case, the syllabus of which is as follows:

"Where defendant bought an automobile for the comfort and pleasure of his family, his son being authorized to use it at any time for such purpose, the son, in taking it out for the pleasure of himself and sister, with whom were some friends, was a servant or agent of defendant, not performing an independent service of his own, but the business of defendant, making defendant liable for his negligence in driving it."

In 75 Central Law Journal, at page 43, the editor appears to disagree with the application of the New Jersey case by the Kentucky appellate court.

In *Maher v. Benedict, supra,* the syllabus is as follows:

"(1) The owner of a motor car is not liable for injuries resulting from the negligent driving of the car by his son, merely

because of his ownership, or because he permitted his son to drive the car, or because the driver was his son.  (2) Defendant is not liable for injuries resulting from the negligent driving of his motor car by his son, where the son at the time was engaged in delivering presents on his own account, and had taken the car out without the defendant's knowledge or consent, since the relation of master and servant did not exist between them at the time of the accident.  *  *  * "

In *Stowe v. Morris, supra,* this case is also cited as being in conflict with the holding therein.  We do not so construe *Maher v. Benedict.*  We have been unable to find any case holding that where the father bought an automobile to be used for the purpose of the pleasure of his family, and a minor child, who was a member of his family, either with the express or implied consent of the father, took the automobile out and drove it, carrying therein members of the family, including guests of said family, the child who drove that machine was not the servant, expressly or impliedly, of the father.  *Daily v. Maxwell,* 152 Mo. App. 415, 133 S. W. 351, goes still further, and holds that where the father purchases a motor machine for the use of his family and their pleasure, and where the minor son uses that car for his own pleasure, neither having any members nor any guests of his father's family therein, in operating that machine solely for his pleasure the relation of master and servant exists.  We are not to be understood as here approving the length to which the rule is extended in that case; for it is not essential to determine that question in order to dispose of this case.  See, also, in addition to the cases heretofore cited to the effect that an automobile is not *per se* a dangerous agency, wherein the question of negligence of the owner of the car is dealt with, the following other cases where the question as to liability on account of motor car accidents is considered: *Slater v. Advance Thresher Co., supra; Evans v. A. L. Dyke Automobile Supply Co.,* 121 Mo. App. 226, 101 S. W. 1132; *Freibaum v. Brady,* 143 App. Div. 220, 128 N. Y. Supp. 121; *Cunningham v. Castle, supra; Clark v. Buckmobile Co.,* 107 App. Div. 120, 94 N. Y. Supp. 771; *Lotz v. Hanlon,* 217 Pa. 339, 66

Atl. 525, 10 L. R. A. (N. S.) 202, 118 Am. St. Rep. 922, 10 Ann.. Cas. 731; *Mattei v. Gillies,* 11 Ont. W. R. 1085. .

The judgment of the lower court must be affirme.d

TURNER, C. J., and HAYES, KANE, and DUNN, JJ.,. concur.