**Ben H. Arkin, Administrator of the Estate of Annie
Marie Christiansen, Deceased, Appellee, v. Seth H.
Page, Appellant.**

### Gen. No. 23,693.

1. AUTOMOBILES AND GARAGES, § 2*—*what evidence tends to show
negligence of son of owner of automobile in running over child.* In
an action to recover for the death of a 3-year-old child struck by
an automobile, evidence of a witness that at the time of the acci-
dent he saw defendant's son, who was driving the automobile, look-
ing back and waving at some one and that, seeing two children in
the street, he called to the driver to look out for them and that he
saw the automobile run over plaintiff's intestate, tends to show
negligence on the part of such driver.

2. NEGLIGENCE, § 202*—*when negligence of mother in permitting*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

*child struck by automobile to be in front of parents' store is question for jury.* In an action to recover for the death of a 3-year-old child struck by an automobile, the question whether the mother of the child was negligent in permitting the child to be on the sidewalk in front of the parents' store, *held,* under the evidence, to be for the jury.

3. PARENT AND CHILD, § 39*—*when father is liable for injury to child by automobile driven by son.* In an action to recover for the death of a child killed by an automobile operated by defendant's minor son, where it appears from the evidence that the automobile in question was purchased by defendant about 3 years prior to the accident, for the convenience and pleasure of his family; that during the first year after its purchase it was operated solely by his minor son, and later on by other members of the family; that the son had an unrestricted right to the use of the automobile at all times for his own pleasure or convenience, without first obtaining special permission from defendant; that at the time of the accident, the son occupied the automobile alone and was on his way to an educational institution to register as a student; that none of the other members of the family was aware of the nature of his mission, and that the son intended to pay his tuition out of his own bank account, and there was no evidence tending to show that the son had been emancipated up to the time of the accident, the doctrine of *respondeat superior* applies and defendant is liable for the injury caused by his son.

Appeal from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed October 15, 1918.

LANDON & HOLT, for appellant; ROBERT N. HOLT, of counsel.

J. A. ARKIN, for appellee; THOMAS D. NASH and MICHAEL J. AHERN, of counsel.

MR. PRESIDING JUSTICE McDONALD delivered the opinion of the court.

On June 24, 1914, appellant's son, George J. Page, then 20 years of age, while driving appellant's automobile south on Crawford avenue near Bloomingdale

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Road, in the City of Chicago, ran over and killed plaintiff's intestate, a 3-year-old child. Suit was instituted against both the appellant and his said son, but before verdict plaintiff dismissed the latter from the case; and from the judgment entered upon the verdict against appellant this appeal has been prosecuted.

The first point raised by appellant is that the record before us contains no evidence of negligence on the part of his son in the operation of the said automobile at the time and place in question. In making this contention, appellant ignores entirely the undisputed testimony of the witness Brown, who was driving a beer wagon in a northerly direction on Crawford avenue at the time and place of the accident, and who testified that just after he had passed the automobile he heard some one whistle; that he immediately looked around and saw the driver of the automobile looking back and waving to some one; that, seeing two children in the middle of the street, he "hollered" to the driver of the automobile to look out for them; and that he saw appellant's automobile run over plaintiff's intestate. Clearly this evidence tended to show negligence on the part of appellant's son.

Whether or not the mother of the said child was guilty of contributory negligence in permitting the child to be upon the sidewalk in front of the parents' store was, under the evidence as disclosed by the record, a question of fact for the determination of the jury; and from a careful examination thereof, we are not disposed to disturb their finding.

It is next contended that under the evidence appellant is not liable for the alleged negligent acts of his son.

It appears from the evidence that the automobile in question was purchased by appellant about 3 years prior to the accident, for the convenience and pleasure of appellant's family; that during the first year after its purchase it was operated solely by appellant's said

minor son, and later on by other members of the family; that the said minor son had an unrestricted right to the use of the said automobile at all times for his own pleasure or convenience, without first obtaining special permission from appellant; that at the time of the accident appellant's son occupied the automobile alone and was on his way to the Lewis Institute to register as a student; that none of the other members of the family were aware of the nature of his mission, and that the said minor son intended to pay his tuition out of his own bank account. There is, however, no evidence in the record tending to show that appellant's minor son had been emancipated up to the time of the accident.

As we view the record in this case, appellant's automobile at the time of the accident was being used by his son for a purpose within the contemplation of appellant, and hence the doctrine of *respondeat superior* applies.

The precise question here presented for determination has never been passed upon by the Supreme Court of our State, and an examination of the authorities on the question of liability of the owner of an automobile where injury results to a third person while the vehicle is being operated by a minor child of the owner, reveals that there is a lack of harmony in the conclusions reached. (See *McNeal v. McKain* [33 Okla. 449] 41 L. R. A. [N. S.] 775, and case note.) We shall not here attempt to reconcile the decisions but deem it sufficient to state that none of them are inconsistent with the holding that where the injury results while the vehicle is being used for a purpose within the contemplation of the owner, and hence, in his business, the latter is liable. Such being the situation in the case at bar, we hold that appellant is liable for the negligence of his said minor son, as a result of which plaintiff's intestate was killed. *Davis v. Littlefield,* 97 S. C. 171.

Other points have been urged by appellant for a reversal, which, however, we shall not discuss, save to say that they are not of sufficient moment to warrant disturbing the verdict. There being no error in the record which justifies a reversal, the judgment will be affirmed.

*Affirmed.*