ANTHONY A. BONGNER, Administrator, Respondent, v. HENRY ZIEGENHEIN, JR., Appellant.

St. Louis Court of Appeals, May 7, 1912.

1. AUTOMOBILES: Injury to Pedestrian: Negligence: Pleading: Petition Construed. An allegation in the petition, in an action for injuries to a pedestrian by being struck by defendant's automobile immediately after he had alighted from a street car, that defendant failed to keep a sharp, diligent and careful lookout for plaintiff and failed to sound a horn or bell or give plaintiff warning, did not charge two separate acts of negligence, but one compound negligent act only, to-wit, the omis-

sion to make observation for plaintiff's safety and to warn him of the approach of the automobile.

2. ———: ———: **Care Required of Driver.** Under section 8523, Revised Statutes 1909, the measure of care required of a person driving an automobile on a public street is to be determined according to the circumstances of the particular case, and he is required to guard against the movements of persons likely to take place in the street, which a prudent man, exercising high care, should anticipate as likely to occur; and hence, where an automobile was being driven along a public street, in the rear of a street car and alongside the track, and the car had stopped from time to time to discharge passengers, the driver was bound to anticipate, as the car approached a regular stoping place, that it would probably stop there to discharge passengers and that, in all probability, following the usual course, passengers would take their exit from the front as well as the rear end of it, so that it became his duty to exercise high care to keep a diligent lookout for passengers alighting from the car at both ends and to give them warning of the approach of the automobile and to slow it down to such a rate of speed as would enable him, by exercising high care, to prevent injury to such passengers, not only while they were alighting but also during the time he observed the car slowing down for the purpose of making the stop.

3. ———: ———: ———: **Sufficiency of Evidence.** In an action for injuries to a pedestrian by being struck, immediately after alighting from the front end of a street car, by defendant's automobile, which had been driven along the street in the rear of the car and alongside the track, evidence that, although defendant could have observed that the car was slowing down to stop at a regular stopping place and that passengers would probably alight from the front end, he failed to sound any alarm of the automobile's approach, and that the automobile ran fifteen feet before it could be stopped and that it was stopped then only by veering into the curb, warranted an inference that defendant omitted to diligently look out for the stopping of the street car and the exit of passengers, and that he propelled the automobile at an unreasonable rate of speed, under the circumstances, and hence the questions of his negligence in these respects were for the jury.

4. ———: **Care Required of Driver: Negligence.** While automobiles enjoy the same right to the highway as do pedestrians, the measure of duty imposed on one operating such a machine is viewed as commensurate with the risk entailed through the probable dangers attending the particular situation.

5. ———: ———: ———: **Character of Proof Required.** Where the duty enjoined is an extraordinary one—as that pertaining

to the operation of automobiles—and the situation requiring its exercise is highly suggestive of hurt to others, slight evidence may be sufficient to suggest a breach.

6. **NEGLIGENCE: Pedestrian Crossing Street: Look and Listen Doctrine: Contributory Negligence: Jury Question.** Where a pedestrian is injured in a city street by a conveyance which may occupy one portion of a street at one time and another portion at another, and he was not forewarned of the danger, the matter of his contributory negligence, notwithstanding his failure to look and listen, is generally for the jury; the doctrine requiring one to look and listen on approaching a railroad crossing not applying to a person in a highway which is not fraught with great hazards.

7. ———: ———: ———: ———: **Facts Stated.** Plaintiff alighted from the front end of a street car at the usual stopping place, and looked directly ahead of him to the sidewalk, but did not look up or down the street. · He took three steps toward the walk and was struck by defendant's automobile, which, without warning, had been following by the side of the car. There was no evidence that the street was much used or frequented by automobiles or other conveyances, and it appeared that plaintiff made observations in both directions immediately before leaving the car and did not see the automobile. *Held*, that he was not negligent as a matter of law.

8. ———: **Automobiles: Instructions: Failure to Submit Specific Negligence Pleaded: Cured by Defendant's Instructions.** In an action for injuries to a pedestrian by being struck by defendant's automobile, immediately after alighting from a street car, the petition charged two acts of negligence, namely, that defendant was negligent in failing to keep a proper lookout for plaintiff and warn him of the approach of the automobile, and in running the automobile at an improper rate of speed. At the instance of plaintiff, the court charged that if plaintiff got off a street car at its regular stopping place, and, exercising ordinary care, started to walk toward the curb, and that defendant was driving an automobile on the street, which struck plaintiff and caused him to be injured, and that defendant, by the exercise of the highest degree of care that a very careful person would use under similar circumstances, could have prevented the injury, the jury should find for plaintiff. *Held*, that, while this instruction was erroneous, as not limiting plaintiff's right to recover to the specific acts of negligence alleged, it was cured by an instruction given at defendant's request, limiting plaintiff's recovery to defendant's negligence in operating the automobile at a high and dangerous rate of speed without sounding the horn or giving plaintiff warning of its approach.

Bongner v. Ziegenhein.

9. ————: Instructions: Indefiniteness: Cured by Other Instructions. Where, in a negligence case, an instruction given for the plaintiff is correct in its general scope and is faulty only because it fails to confine the jury to the acts of negligence relied on, such fault may be supplied by limitations and requirements contained in instructions given for the defendant.

10. INSTRUCTIONS: Construction: Reading Together. The court, in determining the sufficiency of an instruction, should read it in connection with the other instructions given.

11. APPELLATE PRACTICE: Binding Effect of Theory at Trial. The court, on appeal, will give the pleadings the construction that the parties placed upon them at the trial.

12. AUTOMOBILES: Care Required in Operation. Under section 8523, Revised Statutes 1909, providing that a person operating an automobile on a public highway shall use the highest degree of care that a very careful person would use under like or similar circumstances to prevent injury to persons on the highway, an instruction, in an action for personal injuries, that the operator of an automobile was bound to keep a sharp and diligent lookout for plaintiff was not objectionable as imposing too high a degree of care.

13. APPELLATE PRACTICE: Harmless Error: Abstract Instructions: Negligence. In an action for injuries to a pedestrian by being struck, immediately after alighting from the front end of a street car, by defendant's automobile, an instruction, that plaintiff had a right to leave the car at the front end, while a correct statement of the law, should have been refused on the ground it was without the issues; nevertheless, it is *held* that the error was harmless and should not work a reversal of the judgment, under section 2082, Revised Statutes 1909.

14. NEGLIGENCE: Instructions: Failure to Submit Contributory Negligence: Cured by Other Instructions. In an action for negligence, the failure of an instruction given for the plaintiff to require the jury to find that the injured party was careful for his own safety is not reversible error, where it appears that such question was properly submitted in other instructions, under the rule that the instructions must be considered as a whole.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer*, Judge.

AFFIRMED.

· *Schnurmacher & Rassieur* for appellant.

(1) The demurrer to the evidence should have been sustained: (a) Because the proof shows that the accident was due to plaintiff's own contributory negligence. Clancy v. Transit Co., 192 Mo. 615; McCreery v. Railways Co., 221 Mo. 18; Wheeler v. Wall, 137 S. W. 63; Newton v. Railroad, 132 S. W. 1195. (b) Because the proof shows that even if defendant was guilty of any or all of the acts of negligence alleged, defendant's conduct was not the proximate cause of plaintiff's injury. When plaintiff stepped from the street car, right in front of defendant's automobile, neither the sounding of the horn, nor a more vigilant lookout on the part of the defendant, nor a lesser rate of speed could have saved him. But there was no proof whatever that the defendant was not exercising a vigilant lookout, or that he was driving his machine at an excessive or dangerous rate of speed. (2) The court erred in giving to the jury instruction No. 1, given at the request of plaintiff. The instruction is based upon the statutory duty which the driver of an automobile owes to pedestrians, and was evidently also intended to instruct the jury upon the "humanitarian doctrine," although some of the elements of that doctrine are lacking. The instruction is erroneous: (a) Because the averments of the petition did not justify the submission of that theory of negligence to the jury. Here specific acts of negligence were alleged and therefore the case should have been submitted to the jury only upon the specific negligence alleged. Beave v. Transit Co., 212 Mo. 331; Kirkpatrick v. Railroad, 211 Mo. 68; Clancy v. Transit Co., 192 Mo. 615; Hartman v. Transit Co., 112 Mo. App. 445; Grout v. Railroad, 125 Mo. App. 552; Detrich v. Railroad, 143 Mo. App. 176; Hough v. Automobile Co., 146 Mo. App. 58. (b) · Because there was no proof whatever showing how far the plaintiff was from the automobile when the defendant saw him or might have seen him jump from

the car; nor was there any proof that the defendant could have stopped the machine in time to have averted the accident after he knew or could have known that plaintiff intended to get off the street car at the front platform and intended to cross the street in front of the automobile. Dey v. Railways Co., 140 Mo. App. 461; Pennell v. Railroad, 153 Mo. App. 566; Riggs v. Railroad, 216 Mo. 304; Degonia v. Railroad, 224 Mo. 564. (3) Instruction No. 1 is also erroneous because it purports to be complete in itself and authorizes a recovery upon a finding of the facts therein set forth, regardless of the other facts necessary under the law to entitle the plaintiff to a verdict; and it also ignores the defense of contributory negligence which had been pleaded and in support of which proof was offered. Ross v. Railroad, 132 Mo. App. 472; Shoe Co. v. Lisman, 85 Mo. App. 340. An instruction which purports to be complete in itself can not be pieced out by reference to other instructions offered. State v. Helton, 234 Mo. 559; Flucks v. Railroad, 143 Mo. App. 17; Redpath v. Lawrence, 42 Mo. App. 101. The reason being that if two instructions are conflicting it can not be told which one the jury took for its guidance. State v. Herrell, 97 Mo. 105; Shoe o. v. Lisman, supra. (4) Instruction No. 4 is an instruction upon an abstract proposition of law, which in no way affects plaintiff's right of recovery. It also improperly comments upon and emphasizes an immaterial fact in the case. Browning v. Railroad, 118 Mo. App. 449; Gibler v. Railroad, 129 Mo. App. 93. (5) Instruction No. 5 is erroneous because it imposes a higher duty upon the defendant than the law imposes. The "vigilant watch" duty, imposed by section 8517, Revised Statutes 1909, is applicable only to the situation referred to in that section. Under that section the automobilist "shall keep a vigilant watch for all vehicles, carriages, or wagons drawn by an animal or animals, and especially vehicles, carriages or wagons driven by women .

or children." As to pedestrians, the law imposed on the automobilist is "the highest degree of care that a very careful person would use," but the statute is silent as to a vigilant watch, and it was improper for the court, as a matter of law, to impose that duty aside from the duty imposed by the statute. All considerations entering into the question of what constitutes the "highest degree of care" should have been left to the jury. The instruction, however, was clearly drawn in accordance with section 8517, which has no application to the facts of this case.

*Norman J. Sadler* and *Thomas B. Estep* for respondent.

(1) The court did not err in refusing to give the demurrer to the evidence offered by the defendant at the close of plaintiff's case, nor at the close of the whole case. R. S. 1909, sec. 8523; Sapp v. Hunter, 134 Mo. App. 685; Hall v. Compton, 130 Mo. App. 675; Mc-Fern v. Gardner, 121 Mo. App. 1; State v. Swagerty, 203 Mo. 517; Weil v. Kruetzer, 24 L. R. A. (N. S.) 557; Gebhard v. Motor Co., 20 L. R. A. (N. S.) 232; Christy v. Elliott, 1 L. R. A. (N. S.) 215; Huddy on Automobiles, p. 108; Wyler v. Ratican, 150 Mo. App. 474. (2) Instruction No. 1, given for plaintiff, is practically a verbatim copy of section 8523, Revised Statutes 1909. An instruction ought not to be read as if it stood solitary and alone, independent of every other instruction. The instructions must be read together and considered as a whole. Instruction No. 2, given for plaintiff, is a paragraph of instruction No. 1. Flaherty v. Transit Co., 207 Mo. 334; Cornovski v. Transit Co., 207 Mo. 263; Garard v. Coal & Coke Co., 207 Mo. 242; Logan v. Railroad, 183 Mo. 582; Steele v. Ancient Order, 125 Mo. App. 680; Batten v. Modern Woodmen, 131 Mo. App. 381. (3) An omission in plaintiff's instructions may be cured or supplied by instructions given for defendant. Logan v. Railroad, 183 Mo. 608;

Johnson v. Railroad, 173 Mo. 307; Chambers v. Chester, 172 Mo. 462; Campbell v. Lumber Co., 146 Mo. App. 681; Deschner v. Railroad, 200 Mo. 310; Devoy v. Transit Co., 192 Mo. 197; Moore v. Transit Co., 193 Mo. 411; Loftus v. Railroad, 220 Mo. 470; Wilkins v. Railroad, 101 Mo. 93; Sapp v. Hunter, 134 Mo. App. 685; Dye v. Railroad, 135 Mo. App. 254; Fillingham v. Transit Co., 102 Mo. App. 573. (4) A pedestrian is not bound, as a matter of law, when lawfully using the public highways, to be continually looking or listening to ascertain if vehicles or automobiles are approaching. He is only required to use ordinary care. Groom v. Kavanaugh, 97 Mo. App. 371; Kenny v. Railroad, 105 Mo. 270; Gebard v. Motor Co., 20 L. R. A. (N. S.) 232; Brewster v. Barker, 113 N. Y. Supp. 1026.

NORTONI, J.—This is a suit for damages accrued on account of personal injuries received through defendant's negligence in operating his automobile. Plaintiff recovered and defendant prosecutes the appeal.

Since the appeal was perfected, the plaintiff departed this life, and the proceedings have been, and now stand, revived in this court in the name of his administrator.

Plaintiff, Julius Bongner, now deceased, was a passenger on a southbound street car on Grand avenue, destined to Magnolia avenue, in the city of St. Louis. As the street car halted at the usual stopping place in Grand avenue at its intersection with Magnolia avenue, decedent stepped off of its forward platform and took about three steps toward the pavement when he was run upon and injured by an automobile driven by defendant. There are two street car tracks in Grand avenue, side by side. The southbound car, on which Bongner was a passenger, moved on the track farther west, and between the car and the curb, the space was from twelve to fifteen feet. It appears defendant had

been driving south following the street car for several blocks before he reached Magnolia avenue and at the crossing of both Shenandoah avenue and Sidney street, immediately before, he stopped his automobile while passengers alighted from the car, but the evidence tends to prove he did not do so at Magnolia avenue. However, it does not appear that Bongner had any knowledge of the automobile or of its prior stops at the streets mentioned. When the car stopped at the usual stopping place at Grand and Magnolia avenues, Bongner took his exit therefrom by means of the foremost platform. Though Bongner testified that he looked both north and south on Grand avenue immediately before leaving the car and observed no conveyance, he said, too, that he looked directly west only, or the way he was going, as he got off the car and thereafter. In other words, after stepping from the car, he made no observations either north or south on Grand avenue for the approach of an automobile, and started to walk directly west to the curb, but upon taking the third step he heard a lady scream and was run upon by the machine. He did not see the automobile until the collision occurred. The evidence tends to prove that the automobile was running rather slowly—say about four miles per hour—at the time, and that no horn or other warning of its approach was sounded until the scream of a lady who was a passenger therein, and this occurred about simultaneously with the collision.

Though an argument is made to the contrary in support of the judgment, it is obvious that the petition lays specific charges of negligence against defendant. But, as we understand it, there are but two of these. It is averred therein that defendant neglected and failed to keep a sharp, diligent and careful watch and lookout for plaintiff and failed to sound a horn or bell or in any manner give him warning of the approach of the automobile when approaching such street crossing and regular stopping place for street cars over

which plaintiff was passing. Though this allegation seems to touch upon two omissions of duty, we regard it as declaring one compound negligent act only, and that relates to the omission to make observations for plaintiff's safety and warn him of the approach of the automobile. The parties seem to have so understood the allegation and treated with it accordingly at the trial, as will be hereinafter more particularly pointed out. The second specification of negligence contained in the petition is to the effect that defendant negligently approached the street crossing, a regular stopping place of street cars, at a rate of speed too high to be consistent with the safety of Bongner, a pedestrian, walking from the street car to the sidewalk.

There is no direct evidence that defendant omitted to keep a sharp and diligent lookout for persons alighting from the forward end of the street car, but obviously such may be inferred from the facts and circumstances in proof, for it appears that, though there was a horn attached to the automobile, it was not sounded, as is usual when persons are seen to be getting off a street car within the possible range of an approaching automobile. Furthermore, though it is said the automobile was running slowly, it was not stopped until it had passed about fifteen feet beyond the point of collision, and was then veered upon the curb.

It is argued the court should have directed a verdict for defendant because it is said the proof fails to reveal a breach of duty on the part of defendant which operated proximately to the injury of Bongner, and, second, because of his contributory negligence; but we are not so persuaded. The argument that the proof omits to disclose a breach of duty on the part of defendant assumes that there is no evidence in the record authorizing the jury to find defendant omitted to keep a diligent lookout, and assumes, too, that the rate of

speed of the automobile was in no sense a negligent one. Having assumed this, it is urged by counsel that the evidence reveals nothing more than a failure to sound the horn or other warning and that it appears Bongner's injury could not have been avoided even though the horn had been sounded, for the reason the interim between his going into the danger zone and the collision was too short to enable either party to avert it. As before said, we are not prepared to accede to the proposition, either that there is naught in the case authorizing the jury to find an omission on the part of defendant to keep a diligent lookout, or that the speed of the automobile was a proper one in the circumstances of the case. Touching these matters, it may be said that, under our statute, the law casts upon defendant the obligation, while operating his automobile in a public street, to exercise the highest degree of care for the safety of others. It is not to be doubted that the measure of care thus imposed is to be determined in the circumstances of the particular case in judgment, and, furthermore, that it was defendant's duty to guard against all movements of persons likely to take place in the highway, which a prudent man, exercising high care, should anticipate as within the range of reasonable probability and likely to occur according to the rationale of human experience. With these principles in mind, defendant's conduct must be viewed in the circumstances of the particular case, and this involves knowledge on his part that the street car, the rear of which he had been following along the side of the street, would probably stop at the usual place at Magnolia avenue for the purpose of discharging passengers, as it had done theretofore at Sidney street and Shenandoah avenue in his presence. He knew, too, for the law required him to anticipate as a reasonable probability, that passengers would take their exit from the forward end of the car as well as the rear, and walk in the street before him to the pavement, for such is the

usual course.  In this view, the law cast upon defendant the duty, when exercising high care for the safety of others, to keep a diligent watch and lookout for persons stepping off of the car, and to sound the alarm as a warning of the approach of his heavy machine, and, furthermore, to propel the machine at such a rate of speed as would enable him, by exercising high care, to prevent injury to others.

There is positive and direct evidence that defendant omitted to convey a warning of his approach by sounding the horn attached to the machine, and the argument for a reversal of the judgment concedes this to be true.  But it is said the omission to warn is not available to plaintiff here, for the reason the injury could not have been averted though warning were given, and, therefore, this alleged breach of duty was not the proximate cause of the injury.  This argument proceeds as though the duty to warn arose only as plaintiff stepped off of the car, but, obviously the view is an unsound one, for the obligation of high care on defendant required him to sound the warning from the time he saw the car slowing down to the end of making a stop at the usual place at Magnolia avenue. When the car commenced to slow down in the presence of defendant, he should have anticipated, as a reasonable probability, that passengers would be discharged from both the rear and the forward platform thereof and should have commenced giving the alarm of the approach of his automobile, for their protection.  Had defendant commenced sounding the horn of the automobile at this time, it stands as a reasonable probability in the case that the attention of Bongner would have been attracted before he stepped off of the car and into the street, or, at least, thereafter, in time to have evaded the collision.  If, as defendant argues, this were the only breach of duty revealed by the evidence, we would regard it as amply sufficient to justify the court in refusing to direct a verdict.

But, aside from this, it is entirely clear that the evidence tending to prove defendant breached his obligation to keep a diligent lookout and to operate the automobile at a moderate rate of speed, in the circumstances of the case, when the safety of others is considered, was sufficient for reference to the jury. Though it be true that the automobile was not running at a high rate of speed and that no one testified in direct terms defendant was remiss as to keeping a diligent watch for others, it was competent for the jury to infer from all of the facts and circumstances that these obligations were not observed by him. The facts that no alarm was sounded and that the machine ran fifteen feet before it could be stopped after colliding with plaintiff suggest with considerable force that defendant omitted to diligently look out for the stopping of the street car and the exit of passengers therefrom and that he omitted, too, to propel the automobile at a reasonable rate of speed in the circumstances of the case. It would seem that the precepts which inhere in the highest degree of care require one operating an automobile in a public street, where it is known a street car is slowing down for the purpose of discharging passengers, to both make such observations as will enable him to ascertain the presence of passengers alighting and reduce the speed of the machine so that their injury may be averted by avoiding an actual collision. [See Brewster v. Barker, 113 N. Y. Supp. 1026.] Automobiles are ponderous and dangerous machines, possessing great power and speed and, therefore, threaten imminent hurt in a highway, if not properly controlled and conducted. While they enjoy the same right to the highway as that possessed by the pedestrian, no one can doubt that the measure of duty imposed by the law upon one operating an automobile is to be viewed and determined as commensurate with the risk entailed through the probable dangers attending the particular situation. [McFern v. Gardner, 121 Mo. App. 1, 97 S.

W. 972; Hall v. Compton, 130 Mo. App. 675, 108 S. W. 1122.] Where the duty enjoined is an extraordinary one—as that pertaining to the operation of automobiles —and the situation approached highly suggestive of hurt to others, we believe slight evidence may be sufficient to suggest a breach. From the facts that no alarm was sounded and, notwithstanding plaintiff's alighting from the car in plain view, defendant was unable to stop the machine until fifteen feet beyond the point of collision and then only by veering it into the curb, it was competent for the jury to infer that a diligent lookout was not maintained and that the speed of the automobile was excessive, for, otherwise, the injury could no doubt, have been averted. Especially is this true, touching a place in the public highway where persons are known to be present, as in the process of alighting from a street car, for the measure of care with respect to their safety is to be determined in the circumstances of the case. [See Turney v. United Rys. Co., 155 Mo. App. 513, 515, 135 S. W. 93.]

But, it is said, though the case is one for the jury as to defendant's fault, the verdict should have been directed for defendant because of the fault of plaintiff in taking three steps into the street without looking for an approaching automobile. This argument, we believe, assumes that plaintiff should conduct himself in a public street of a city identically as though he were approaching the crossing of a railroad, which is universally declared to be a signal of danger at all times and to all competent persons. The precepts of natural justice alone forbid the application of this doctrine to one in the highway not shown to be fraught with great hazards, for the dangers to be encountered are by no means equal in character. We have heretofore declared that as to collisions in the highway, where both parties have a right to be, there is generally a fair question for the jury both on the matter of defendant's negligence and that of the contributory negligence of

the plaintiff. [See Wyler v. Ratican, 150 Mo. App. 474, 131 S. W. 155.] From a further consideration of the authorities, we are persuaded that the cause is, indeed, an exceptional one where plaintiff's right of recovery should be denied as a matter of law for his contributory negligence, when it appears he was run upon and injured in the highway by a conveyance which is not required to travel in a particular place, as street cars on the tracks, which, of course, of themselves suggest danger as always present. In other words, in those cases where injury is inflicted by a conveyance which may occupy one portion of the street at one time and some other portion at another time and the injured person is not forewarned as by the danger incident to car tracks, the matter of plaintiff's contributory negligence is usually for the jury. There may be cases where the use of a public street by heavy and swift conveyances presents a condition of constant turmoil so threatening to the safety of pedestrians that a court would be justified in declaring one negligent in attempting to cross without looking and listening, but nothing of that kind appears here. There is naught in the record to suggest that Grand avenue was much used or frequented by automobiles or other conveyances and, therefore, an exceptionally dangerous place, and it appears that plaintiff made observations in both directions immediately before leaving the car. In such circumstances, we are unable to say as a matter of law that Bongner was unduly negligent in not looking and listening a second time upon stepping from the car before attempting to cross a space but twelve or fifteen feet to the curb.

While the law imposed the duty of high care on defendant, the obligation of Bongner was only to exercise ordinary care for his own safety and that is the same care which an ordinarily prudent man would exercise toward looking and listening before attempting to pass but twelve or fifteen feet to the curb. [See

Groom v. Kavanaugh, 97 Mo. App. 362, 71 S. W. 362.]
It appears that courts of high authority entertain the
same view with respect to the conduct of a passenger
who alights from a street car for the purpose of walk-
ing to the curb. Touching this matter, the case of
Brewster v. Barker, 113 N. Y. Supp. 1026, 1028, is
almost directed in point. The court, in that case,
says: "The plaintiff did say that just as he stepped
upon the ground from the car he did not look to the
right or to the left to see if an automobile or other
vehicle was approaching; that he looked straight ahead
in the direction where he was going, to wit, the other
side of the street. His evidence indicates that he did
just what any other intelligent man, in the exercise of
ordinary care and prudence, would have done under
the circumstances. He wanted to cross the street to
reach the other sidewalk, and he looked straight ahead,
following other passengers as he says, who alighted
from the same car upon which he had been riding. Is
he chargeable with negligence because he did not ob-
serve that an automobile going at the rate of speed of
six or seven miles an hour was coming along the side
of the car upon which he had been riding, and in such
close proximity as to strike him practically the mo-
ment that his feet touched the pavement? When a
car stops and it is announced that passengers are to
alight, we think the passenger has a right to assume
that it is safe for him to so alight in the ordinary
manner. Upon the evidence submitted to the jury in
the municipal court, we think it is entirely competent
for them to have found that the plaintiff was not
guilty of contributory negligence, and such as to pre-
vent a recovery in this case. Indeed, we think any
other finding would have been contrary to the evi-
dence." Here, plaintiff had taken but three steps
from the car when the automobile ran upon him, and
it appears that the collision occurred immediately after
the act of alighting, or, in other words, possibly with-

in two or three seconds of time. Obviously, ordinary care did not require plaintiff to constantly look and listen for an approaching conveyance in the highway, and if, as he testified, he had done so immediately before leaving the car, we cannot declare that an ordinarily prudent person would have done more. For, as said by the Supreme Court of Michigan, in Gerhard v. Ford Motor Co., 20 L. R. A. (N. S.) 232, "There is no imperative rule of law requiring a pedestrian, when lawfully using the public ways, to be continuously looking or listening to ascertain if auto cars are approaching, under the penalty that, upon the failure so to do, if he is injured, his own negligence must be conclusively presumed." It is entirely clear that both the question of defendant's negligence and that of plaintiff's contributory negligence were for the jury.

Plaintiff's first instruction is as follows: "The court instructs the jury that if you find from the evidence that the plaintiff on the 7th day of July, 1907, got off a southbound street car at its regular stopping place, on Grand avenue, at or near the intersection of Magnolia avenue, and exercising ordinary care, started to walk westward toward the sidewalk or curb on the west side of Grand avenue, and that Grand and Magnolia avenues were intersecting public streets in the City of St. Louis, Missouri, and were at said time and place much used for travel, and if you find from the evidence that the defendant was operating or driving an automobile southwardly on said Grand avenue, at said time and place, and that his automobile struck the plaintiff and caused him to be thrown to the ground and injured, and if the jury further find from the evidence that the defendant, by the exercise of the highest degree of care that a very careful person would use under like or similar circumstances, could have prevented and averted the injury to plaintiff, and failed to do so, the jury will find in favor of the plaintiff and assess his damages as hereinafter instructed."

It is urged the judgment should be reversed because of the general character of this instruction. This argument insists that there are three specific acts of negligence assigned in the petition, but, as we view it, there are two only. The first of these declares a compound negligent act on the part of defendant in failing to make observations for Bongner and to warn him of the approach of the automobile. The second specification of negligence relates to a breach of duty on the part of defendant in running his automobile at the place in question at a rate of speed too high to be consistent with the safety of Bongner, a pedestrian, walking from the car to the sidewalk. Because of the specific acts of negligence so assigned, it is urged plaintiff's first instruction must work a reversal of the judgment, for it is said it permitted the jury to find defendant liable for any breach of the obligation of high care which it may conjecture, without regard to the specific negligent acts charged. There can be no doubt that such instructions are frequently condemned in cases where nothing appears in the instructions for defendant to limit the investigation of the jury to the precise acts of negligence complained of. If the general character of this instruction were not modified by one given for defendant, which pointed out with precision the negligent acts relied upon, we would be compelled to reverse the judgment, for such is the rule of decision, as will appear by reference to Beave v. St. Louis Transit Co., 212 Mo. 331, 111 S. W. 52. See, also, Miller v. Rys., 155 Mo. App. 528, 134 S. W. 1045, to the same effect.

But, at defendant's request, the court in plain terms pointed out the negligent acts relied upon by plaintiff for a recovery to be the operation of the automobile at a high rate of speed and without sounding the horn or in any manner giving warning of its approach. Defendant's instruction touching this matter is as follows: "The court instructs the jury that in

this case plaintiff seeks to recover damages against defendant for personal injuries which plaintiff says he received in consequence of defendant's negligence, which negligence, according to the contention of plaintiff, consisted in defendant's operating an automobile in a southward direction on the west side of Grand avenue, at or near Magnolia avenue, on or about the 7th day of July, 1907, at a high and dangerous rate of speed and without sounding the horn on said automobile, or in any manner giving plaintiff warning of its approach. It is incumbent on plaintiff to reasonably satisfy the jury by the evidence of the existence of these facts, before they can return a verdict against the defendant, and if the jury should find and believe from the evidence that defendant was not operating or running the automobile at a high or at a dangerous rate of speed and that he did sound the horn thereof or otherwise gave plaintiff warning of its approach, then it will be the duty of the jury to return a verdict in favor of the defendant.'' Moreover, by this instruction the jury were expressly told that unless the defendant was operating or running the automobile at a high and dangerous rate of speed and that he did not sound the horn thereof or otherwise give plaintiff warning of its approach, the finding should be for defendant. If the general instruction for plaintiff were radically wrong in theory or prejudicial as to the facts hypothesized therein, it may be that a proper one on the part of defendant would not cure such defects, but here the instruction for plaintiff is well enough in its general scope and faulty only in so far as it omitted to confine the investigation by the jury to the acts of negligence relied upon. There can be no doubt that the instructions must all be read together and when this is done, the fault of plaintiff's instruction is clearly supplied by the limitations and requirements in that of defendant. In Johnson v. St. Louis & S. F. R. Co., 173 Mo. 307, 73 S. W. 173, where an instruction given

for plaintiff authorized his recovery as for general negligence and was, therefore, broader than the petition, the Supreme Court declared the rule to be that such matters are cured by instructions given for defendant which limit the right of recovery to the specific negligence charged in the petition. In Logan v. Met. Ry. Co., 183 Mo. 582, 608, 82 S. W. 126, the doctrine is reasserted with approval by the same court. [See, also, Dye v. Chicago & A. R. Co., 135 Mo. App. 254, 258, 259, 115 S. W. 497.] Under these authorities, we are not permitted to say that the jury were misled or authorized to return a verdict for negligent conduct which it might conjecture without regard to the acts alleged.

But it is suggested defendant's instruction above copied does not confine the jury to an investigation with respect to all of the acts of negligence alleged in the petition, for it omits reference to that portion of the first allegation of negligence which deals with the omission of defendant to keep a diligent lookout, etc. Obviously this portion of the allegation is but inducement to the subsequent words thereof relating to the omission to warn by sounding the horn or otherwise. The parties so treated this allegation at the trial, for by reading defendant's instruction above copied, it deals alone with the matter of dangerous speed and the omission to warn, without regard to what is said in the petition about the failure to keep a diligent lookout. As defendant construed the petition and defined its averments in this instruction, he conceived the omission to warn to be the only matter of substance involved in the first assignment of negligence. That plaintiff regarded the first specification of negligence as a compound one, charging the ultimate breach of duty as a failure to warn Bongner of the approach of the automobile, seems clear from his fifth instruction. After hypothesizing the facts, that instruction authorizes a verdict for plaintiff only upon its appearing to the jury that he was exercising ordinary care and defendant

"failed to keep a sharp and diligent lookout for plaintiff and failed to give the plaintiff any warning of the approach of his automobile" and that such failure was the direct cause of the injury. From the use of the conjunctive "and" in the portion of the instruction quoted, it is obvious plaintiff did not regard the first assignment of negligence as setting forth two separate breaches on which he relied for a recovery, but, instead, he compounded them into one, as for a failure to warn, and treated the antecedent words touching the diligent lookout as merely inducement to such failure to warn. There can be no doubt that the parties treated the petition at the trial as setting forth but two specific acts of negligence and though these were not referred to in plaintiff's first instruction, they were clearly defined and the recovery limited thereto by defendant's instruction above copied. Indeed defendant's instruction required the jury to find both before a recovery could be had, whereas the finding of one as proximate would suffice.

Plaintiff's fifth instruction is criticized in so far as it seems to impose the duty on defendant to keep "a sharp and diligent lookout for plaintiff." As before said, no recovery was authorized for such failure alone, but the right was coupled with the failure to warn. However this may be, we do not regard those words objectionable when considered under our statute imposing a very high degree of care upon defendant. At common law, the obligation is to exercise ordinary care, and an ordinance of the city of St. Louis employs the term "vigilant" with respect to the watch a motorman should keep for others. As to this, the courts declare the words "vigilant watch," employed in an instruction, to be unobjectionable, as it is said they impose no more than the duty of ordinary care in proper circumstances. [See Kaiser v. United Rys. Co., 155 Mo. App. 428, 135 S. W. 90; Hovarka v. St. Louis Transit Co., 191 Mo. 441, 454, 455, 456, 90 S. W. 1142.]

Our statute (Sec. 8523, R. S. 1909) provides that a person operating an automobile on a public highway "shall use the highest degree of care that a very careful person would use, under like or similar circumstances, to prevent injury or death to persons on . . . highways or places much used for travel." For a breach of this obligation, it declares damages may be recovered by the person injured. Obviously, the highest degree of care that a very careful person would use, under like or similar circumstances, requires of the person operating the automobile a sharp and diligent lookout for persons in the public street. Indeed, we believe that nothing less than a sharp and diligent lookout, as those words are commonly understood, satisfies the terms of the statute above quoted.

Plaintiff's fourth instruction is as follows: "The court instructs the jury that the plaintiff had the right to leave the street car from its front platform." This declaration is criticized as unduly emphasizing a matter not in issue in the case. There can be no doubt that though the abstract proposition of law so stated is a correct one, it would have been well enough to refuse this instruction, for the reason no issue pertained to that matter; but manifestly it would be a technical ruling, subversive of justice, to reverse the judgment because of this instruction, even though the subject-matter referred to was conceded at the trial. Obviously it was harmless. By the terms of the statute (Sec. 2082, R. S. 1909), we are forbidden to reverse judgments except in those cases where we believe error has intervened in such a manner as to materially affect the merits of the controversy against the rights of the appellant. The point is wholly without merit.

Though defendant urges otherwise, all of the instructions for plaintiff sufficiently require the jury to find that Bongner was exercising ordinary care for his own safety at the time of his injury. Besides, defendant's instruction clearly directed that plaintiff was

not entitled to recover unless he was exercising ordinary care for his own safety at the time of his injury. The fact that an instruction authorizing a recovery for negligence omits to require the jury to find the injured person was not negligent for his own safety is not reversible error when it appears that question was properly submitted in other instructions for defendant, for all must be read together. [See Johnston v. St. Louis & S. F. R. Co., 150 Mo. App. 304, 130 S. W. 413.]

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.