WILLIAM GROUCH, Respondent, v. MRS. G. A. HEFFNER, Appellant.

Kansas City Court of Appeals, November 23, 1914.

1. **NEGLIGENCE: Automobile: Personal Injuries.** Under our Motor Vehicle Statute it is negligence for an automobile driver, in approaching or passing a street car which has stopped to let off or take on passengers, to fail to slow down and stop if necessary for the safety of the public, or, when approaching a pedestrian in the street, to fail to slow down and give a timely warning.

2. ———: ———: **Negligent Driving and Contributory Negligence Question for Jury.** In an action for injuries caused by a collision in a public highway, where both parties have a right to be, the question of defendant's negligence and of the plaintiff's contributory negligence are usually for the jury.

3. ———: ———: ———.  Where there is substantial evidence tending to. show that there was negligence on the part of the defendant and that it was the sole cause of the injury, the finding of the jury in favor of the plaintiff must be accepted even though there is strong evidence in defendant's favor on both of those questions.

Appeal from Vernon Circuit Court.—*Hon. B. .G. Thurman,* Judge.

AFFIRMED.

*Lee B. Ewing* and *Chas. E. Gilbert* for appellant.

(1) It is the duty of the operator of a motor vehicle to slow down and if it be necessary for the safety of the public, to bring his car to a full stop when approaching or passing a car of a street railway, which has been stopped to allow passengers to alight or embark, but he is under no such duty when meeting or passing a moving street car, or one stopped for other purposes than allowing passengers to alight or embark. Subsection 2, section 8, chapter 83, page 326, Session Acts of Mo. 1911. (2) When the plaintiff fails to show any negligence on the part of the defendant, in an action for damages, alleging such negligence, it is the duty of the court to sustain a demurrer to the evidence and direct a verdict for the defendant. Winter v. VanBlarcom, 167 S. W. 498; Dudley v. Raymond, 133 N. Y. S. 17; Rosenblum v. McCollum, 135 N. Y. S. 1086, 151 App. Div. 404; Simmons v. Lewis, 125 N. W. 194. (3) It is the duty of a pedestrian, using the streets of a city, to use reasonable care for his own safety, and to avoid collision with vehicles using the street, and if he fails to use such care, and because of such failure, is struck and injured, he cannot recover. Winter v. VanBlarcom, 167 Southwestern 498; Peterson v. P. Balentine & Sons, 98 N. E. 202-205 N. Y. 29.

*Scott & Bowker* for respondent.

(1) The abstract of the record proper must show that leave to file bill of exceptions was granted by the court, and where the time is extended it must show the court granted the extension within the time allowed. Whittington v. Wood, 136 Mo. App. 273; Everett v. Butler, 192 Mo. 564. (2) In determining whether or not a demurrer to the evidence should be sustained, the evidence must be considered in the light most favorable to plaintiff. Hodges v. Chambers, 171 Mo. App. 563. (3) Under the statutes the care required of the driver of an automobile is the highest degree of care of a very careful person. Session Acts of Mo. 1911, sec. 8, page 327; Porter v. Hetherington, 172 Mo. App. 502; Bonger v. Ziegenhein, 165 Mo. App. 328. (4) The law imposes the duty on operators of automobiles to exercise care commensurate with the exigencies of the situation. Haake v. Davis, 166 Mo. App. 249. (5) In cases of this kind collisions upon the highway, where both parties have a right to be, there is generally a fair question for a jury, both on the question of the negligence of the defendant and the contributory negligence of the plaintiff. Wyler v. Ratican, 150 Mo. App. 474. (6) Evidence that an automobile whirled into a driveway at a "lively" rate of speed and forcibly struck a pedestrian before he could get out of the way, dragged him fifteen or twenty feet, was sufficient to establish negligence on the part of the chauffeur. Hodges v. Chambers, 171 Mo. App. 563.

TRIMBLE, J.—While plaintiff was in the street attempting to board a street car he was knocked down and injured by a passing automobile. He sued for damages and recovered judgment in the sum of $450. Defendant has appealed.

The injury occurred in Cherry street in the city of Nevada. This street runs west from the depot to and along the south side of the Public Square. At the southeast corner of the Square, Cherry street is intersected at right angles by Cedar street running north and south. An electric street railway track lies in the center of Cherry street with about fifteen feet of space on each side of the track between it and the curb.

About ten o'clock in the morning of July 28, 1913, plaintiff was on the sidewalk in front of a store on the north side of Cherry street some sixty or eighty feet east of the east line of Cedar street. A street car was going east on Cherry and was approaching the place at or near the crossing on the east side of the street intersection where stops were usually made to let off and take on passengers. Plaintiff wanted to catch the car and go east to the depot. He therefore walked west along the sidewalk on the north side of Cherry street for a distance of twelve or fifteen feet and then left the sidewalk and went out into the street in a southwest direction to the track in order to board the car. The street car stopped as plaintiff reached the track, but as the entrance to the car was on the south side of the car at the front or east end, plaintiff could not board the car from his side and, therefore, was about to cross the track in front of the standing street car in order to board it when defendant's automobile coming west on Cherry struck him and knocked him down.

Respondent has filed with his brief a motion to dismiss the appeal on the ground that the abstract shows no order of the trial court granting time for the filing of the bill of exceptions or an extension thereof, and that the abstract does not show the bill was filed within such time, if it was granted and extended. This defect would be fatal to appellant's appeal were it not for the amendment to section 2029, Revised Statutes 1909, approved March 13, 1911, authorizing bills

of exception to be filed "at any time before the appellant shall be required . . . to serve his abstract of the record." [Laws of Mo. 1911, p. 139.] The bill of exceptions was filed on May 14, 1914, and, under the above amendatory statute, it was properly filed whether within or without the time allowed by the trial court. [State v. Rogers, 253 Mo. 399.] The motion to dismiss must be, and is, overruled.

Paragraph 2 of section 8 of our Motor Vehicle Statute, (Laws of Mo. 1911, p. 327), provides that "in approaching or passing a car of a street railway, which has been stopped to allow passengers to alight or embark, the operator of every motor vehicle shall slow down, and if it be necessary for the safety of the public, he shall bring said vehicle to a full stop." Said statute also provides that "upon approaching a pedestrian who is upon the traveled part of any highway and not upon a sidewalk . . . a motor vehicle shall slow down and give a timely signal with his bell, horn or other device for signaling." The petition alleged negligence in that defendant did not obey the above requirements of the statute; also that under section 12 of said Motor Vehicle Statute it was the duty of defendant, at the much traveled place in question, to use the highest degree of care that a very careful person would use under like or similar circumstances to prevent injury to persons on said streets, and that defendant did not use such care and was guilty of negligence in that the driver failed to bring said automobile to a stop or to slow down as he approached said street car or to give any signal of such approach and failed to keep a vigilant lookout for the safety of persons who might be on the street, and that defendant saw or by the exercise of care could have seen plaintiff in time to have warned him but failed to do so.

Defendant urges that no recovery is allowable because plaintiff failed to show any negligence on the part of defendant, and because the plaintiff's injury was the result of his own negligence in hurriedly going into the street with his eyes fixed on the street car without looking for an automobile and thus came suddenly in front of the machine before the chauffeur could become aware of his presence or have time and opportunity to stop the automobile or avoid striking plaintiff.

As a reason for defendant's failure to stop or slow down, or rather as a ground for contending that such failure was not negligence, defendant contends that the street car had already passed the stopping place where passengers were usually let off and taken aboard, and did not stop to allow plaintiff to get aboard but stopped after plaintiff was about to be, or had been, struck, and stopped then only because the motorman saw the automobile was going to strike plaintiff and did not want the street car to become involved in the collision.

There is no doubt but that a number of defendant's witnesses testify that the car was not stopped at the usual stopping place but was continuing on its way and had passed that point and stopped only for fear of becoming involved in the collision. But there is also evidence that the car stopped at or very near the usual stopping place, that it stopped to allow plaintiff to get aboard, and did so before plaintiff was struck. There is evidence tending to show that plaintiff was struck at a point about forty feet east of the street intersection, and as the street cars are forty feet in length and plaintiff was at or near the east end about to go in front of it to enter the door on the south side, the car must have stopped at the usual place, if such evidence be true. There was also testimony that the car stopped about where it always stopped, that it stopped only once, and that plaintiff

was on the north side at the east end of the car and
was going to get on the car when the automobile
struck him, knocked him down and dragged him some
twelve or fifteen feet before it was stopped. There was
further evidence to the effect that the automobile, in
coming west along the north side of Cherry street be-
fore it reached the point of collision, turned out to
the left to pass around an automobile standing near
the curb on the north side and that the moving auto-
mobile also turned still further to the left, or south, to
pass a horse and buggy going in the same direction;
that this turning out put the automobile south of the
street car track until the buggy was passed and the
automobile was not far from the point where plaintiff
was struck, when it again crossed the track in front
of the street car to get on the north side and in doing
this struck the plaintiff; that the automobile was
headed somewhat northwest instead of directly west
when plaintiff was hit. Plaintiff's witnesses say the
automobile was going "pretty fast" but were unable
to give its speed in miles per hour. Defendant's evi-
dence is that it was going slow, not over six miles per
hour. At this rate it was going eight and eight-tenths
feet per second, and may have been going faster since
plaintiff was dragged for a distance after being struck.
Of course, two seconds from the collision would be a
short time for the chauffeur to stop the automobile
in, if the plaintiff did not appear before the machine
until the moment he was struck. But if he was at
the track as the automobile came up, as he and his
witnesses say he was, then the chauffeur had more
than two seconds in which to prepare to stop. How-
ever, it is not material whether defendant's automo-
bile was going more than six miles per hour since that
was fast enough to require the automobile to be slowed
down or stopped when about to pass a street car which
has stopped to allow passengers to alight or embark.

The petition not only counted upon this negligence but also on the fact that no signal was given of the automobile's approach. Now the evidence offered by plaintiff tends to prove that no warning nor signal of any kind was given. Defendant's evidence says there was ample warning. · In such state of the evidence the questions whether the car was stopped to take on or let off passengers, and whether a signal was given by the motor vehicle as it approached, are for the jury. It is not for us to decide. It is elementary that, in passing upon the question whether plaintiff has made out enough of a case to go to the jury, we must consider his evidence in the light most favorable to him when the jury's verdict has been in his favor. Appellant is mistaken in thinking the evidence is not conflicting upon these points. We have carefully gone over the record and find that there is substantial evidence to support the verdict. "In collisions of this kind—collisions upon the highway, where both parties have a right to be, there is generally a fair question for a jury, both on the questions of the negligence of the defendant and the contributory negligence of the plaintiff." [Wyler v. Ratican, 150 Mo. App. 474, l. c. 482; Myer v. Lewis, 43 Mo. App. 417.]

What has been said applies also to defendant's other contention that plaintiff walked suddenly into the way of the automobile and did not look out for his own safety. It is true, he says that while he was standing at the track he did not look for an automobile but was devoting his attention to the work of boarding the street car but he also says that as he left the sidewalk and walked to the track he looked and saw nothing because the automobile was not then approaching. In Bongner v. Ziegenhein, 165 Mo. App. 328, l. c. 342, it is said, "in those cases where injury is inflicted by a conveyance which may occupy one portion of the street at one time and some other portion at another time and the injured person is not

forewarned as by the danger incident to car tracks, the matter of plaintiff's contributory negligence is usually for the jury.'' It is true in this case the plaintiff was not going from the sidewalk to the street car but was going from the street car, from which he had alighted, to the curb. If he could rely upon the assurance that the street car had stopped at a place where it was safe for him to go to the curb and was thereby in a different situation from the plaintiff in this case who was going from the safety of the sidewalk into the traveled street on his own initiative, yet this difference is fully covered by the fact that he says he looked as he went toward the track and saw no automobile. If after he got to the track he did not continue to look out for a passing vehicle but devoted his attention to the street car and to his purpose of boarding same, he certainly cannot be held to be guilty of contributory negligence as a matter of law. At that time he was rightfully in the street and even if the chauffeur did not actually see plaintiff, yet the stopping of the street car at its usual place was sufficient to warn the chauffeur that a person might be on the street at that point to board the car and hence it was the chauffeur's duty to slow down and stop if necessary to avoid striking a person who *might* be there. [Bongner v. Ziegenhein, 165 Mo. App. 328.] For the chauffeur to come up behind a buggy, and turn out to the left and to the south of the track in passing the buggy, and then turn back to the right, crossing the track and attempting to pass the street car without reducing speed or giving a warning, is undoubtedly sufficient grounds to justify a jury in saying he was negligent and that such negligence was the sole cause of the injury. It is true, defendant and her witnesses testify that the injury was not brought about in that way. But the jury by its verdict has said that it was, and we must accept that finding. It is natural enough that when an exciting occurrence happens suddenly and

unexpectedly, different eyewitnesses will give different versions of the matter and it is exceedingly difficult to tell where the truth is. But the solution of that question is left with the jury as the final arbiters thereof under our system of law. The care required of defendant was the highest degree of care that a very careful person would use under like or similar circumstances. [Laws of Mo. 1911, sec. 8, p. 327.] The jury alone can decide whether he used that care.

Objection is made to plaintiff's instruction but we perceive nothing wrong with it. The judgment is affirmed. All concur.