FREDERICK LOWRY, Respondent v. H. M. SMITH, Appellant.

Springfield Court of Appeals, November 13, 1917.

1. **APPEAL AND ERROR. Review: Order Granting New Trial.** The record not showing the theory on which new trial was granted, the order should be sustained on appeal, if it can be on consideration of the whole record.

2. **MUNICIPAL CORPORATIONS: Pedestrian Crossing Street: Duty to Look.** It is the duty of a pedestrian, before starting to cross a street in the thick business part of a street, especially at a point not a regular crossing, to look.

3. **APPEAL AND ERROR: Harmless Error: Instructions.** The word "listen," in an instruction that it is the duty of one about to cross a street, where vehicles may be expected, to look and listen, and if plaintiff stepped on the street without looking, and had he looked he could have seen defendant's auto in time to avoid being struck, he cannot recover, while superfluous, is harmless; the instruction clearly showing it is predicated on the duty to look.

4. ———: **Review: Granting New Trial: Ground not in Motion.** The granting of a new trial cannot be sustained on any error in refusing an instruction, this not having been complained of in the motion for new trial.

5. ———: ———: **Order Granting New Trial.** On an appeal allowed by Revised Statutes 1909, sec. 2038, from an order granting a new trial, while the exercise of a pure discretion, as on the ground of the weight of the evidence, or that perjury has been committed, will not be interfered with, yet where the ground is purely a judicial one, or an error of law as in the giving or refusing instructions, the matter will be reviewed.

Appeal from Circuit Court of Greene County.—*Hon. Arch A. Johnson,* Judge.

REVERSED AND REMANDED *(with directions.)*

*W. H. Horine* and *Warren L. White* for appellant.

*F. T. Stockard* and *Hamlin & Hamlin* for respondent.

BRADLEY, J.—This is an action for damages for injuries received by the plaintiff about two o'clock in the afternoon on the 29th day of October, 1915, by being struck by appellant's automobile. The petition is not set out in full in the abstract, but the only acts of negligence charged are that defendant came along on South Campbell street in the city of Springfield at a high, reckless and dangerous rate of speed with his large and powerful automobile, and without warning, carelessly and negligently ran said automobile against, upon and over plaintiff. The material facts disclosed in the record are: That the plaintiff was walking north on the east side of South Campbell street, and

was about ten or twelve feet north of what is called Traffic alley which approaches South Campbell street from the east. South Campbell street at the place where plaintiff was injured is one of the main business thoroughfares of the city of Springfield, and Traffic alley is also used as a public street and upon it there is considerable traffic. When plaintiff had crossed Traffic alley and was about ten or twelve feet north of where it connects with South Campbell street he decided that he would go across the street to speak to or to see a person on the west side. He testified that he looked up and down South Campbell street and saw no approaching vehicle except a water wagon; that he waited for the water wagon to pass and then stepped off the sidewalk from the east side of South Campbell street and started across the street, and had taken only two or three steps into the street when he was struck. The defendant driving his car on the right hand side or east side of the street was approaching from the south, having come into South Campbell street some seven hundred feet south of where plaintiff was injured. South Campbell street at the place where plaintiff was injured is paved with concrete, and had been dusty, but had been just recently sprinkled which made it slippery, "soapy" as the defendant expressed it. The street is a little down grade to the north where plaintiff was injured. The speed of defendant's automobile was placed all the way from six to thirty miles an hour. Defendant did not sound his horn because he did not have time, after he saw plaintiff's peril, but "hollered" at plaintiff, and veered his car to the west, and it skidded around, and the right hind fender struck plaintiff and knocked him down in the street, and when the car stopped, it was at right angles with the street about ten or twelve feet north of Traffic alley, with the back end and thereof near the curb on the east side of South Campbell street. Other facts material to the issues will be mentioned in the course of this opinion.

The answer was a general denial and a plea of contributory negligence. The issues were submitted to a jury under correct instructions, and a verdict returned for the defendant. Plaintiff in due time filed his motion for a new trial, which motion was by the court sustained, and a new trial granted; and from this action of the trial court in granting plaintiff a new trial defendant has appealed to this court. The record does not disclose upon what theory the learned trial court sustained the motion for a new trial, and this being the situation its action therein should be sustained if it can be upon consideration of the whole record.

Appellant states in his brief and so stated in oral argument, and this is not controverted, that the trial court sustained plaintiff's motion for a new trial solely on the ground that error, in the opinion of the trial court, had been committed in giving instruction number one requested by defendant; that this instruction was in conflict with the rule announced in Bongner v. Ziegenhein, in 165 Mo. App. 328, 147 S. W. 182. With this conclusion of the trial court we do not agree.

Instruction number one given at the request of the defendant is as follows:

1. You are instructed that it is the duty of any person about to step upon or across a street where vehicles may be expected to be passing to look and listen for the approach of such vehicles, and if you believe from the evidence that the plaintiff stepped upon the street without looking for the approach of vehicles, and if you further find that if plaintiff had looked, and could have seen defendant's car approaching in time to avoid being struck, you will find the issues for the defendant, even though you may believe from the evidence that defendant was guilty of negligence in failing to exercise the highest degree of care a highly careful and prudent person would have used under like circumstances at said time and place.

The point is that this instruction required more of the plaintiff than the law justified under the circum-

stances. Appellant concedes that the rule of stop, look and listen as applied to one approaching a railroad or a street car line does not apply to one crossing a public street, but insists that the facts disclosed in this record amply justified instruction number one. The plaintiff contends that as to whether he should have looked and listened is a question of fact for the jury.

In Bongner v. Ziegenhein, supra, the facts briefly are; Bongner was a passenger on a south bound street car on Grand avenue destined to Magnolia avenue in St. Louis. As the street car halted at the usual stopping place on Grand avenue at its intersection with Magnolia avenue, Bongner stepped off its forward platform and took about three steps towards the pavement when he was run upon and injured by an automobile driven by Ziegenhein. Ziegenhein had been driving south following the street car several blocks before he reached Magnolia avenue, and at the crossing of both Shennandoah avenue and Sidney street, he had stopped his automobile while passengers alighted from the street car, but did not do so at Magnolia avenue. When the street car stopped at the usual stopping place at Grand and Magnolia avenues, Bongner stepped off at the forward end, but just before he stepped off he looked north and south on Grand avenue and observed no conveyance, and stepped off and walked directly west towards the sidewalk without looking again, and while walking to the sidewalk was struck by Ziegenhein's automobile. Ziegenhein gave no warning of his approach by sounding the horn on his automobile. The proposition was strongly urged in the Ziegenhein case that it was the duty of a person under the circumstances obtaining there to look before walking out upon the street after alighting from a street car, and in this connection the court said:

There may be cases where the use of a public street by heavy and swift conveyances presents a condition of constant turmoil so threatening to the safety of pedestrians that a court would be justified in declaring one

negligent in attempting to cross without looking and listening.

As to the character of South Campbell street with reference to traffic, plaintiff testified:

Q. Now state to what extent by pedestrians, footmen, Campbell street is used there about the intersection of Campbell street and Traffic alley by persons crossing South Campbell street? A. It is a crossing place. 1 see other people crossing there. I crossed or tried to. It is used a great deal and there are business buildings all along there, hardware store on the corner, business houses on the other side. It is one of the thick business parts of the city.

Q. Before stepping off the sidewalk to start across South Campbell street, state what you did, if anything, in the way of looking out. A. I looked south and looked north. I didn't see anything but the water wagon on the street except some rigs standing along the curbing, I suppose automobiles and delivery wagons.

Q. You looked up and down the street both ways? A. Yes.

Q. Saw no automobiles? A. None running——I put out my left hand and touched the telephone pole and waited until the water wagon passed, it was going north. It was coming in the same direction Mr. Smith was going when the automobile struck me. It was going north sprinkling the street and I waited for it to get by. And when it got by, I looked (south) up the street.

From the plaintiff's own evidence South Campbell street where he undertook to cross is one of the thick business parts of the city, and we cannot from this record say that it is such a street as to justify plaintiff in undertaking to cross without looking. We do not think that the word "listen" in the instruction complained of is of much importance, and in this case superfluous, but harmless, as a reading of the entire instruction clearly reveals that it is predicated upon the proposition that it was plaintiff's duty to look. Plaintiff testified that he did look, thus recognizing that to look

was his duty; but as to whether he looked or not was a question for the jury, and the jury determined that question against him. The plaintiff testified that he could see as far as 200 yards south on South Campbell street and that if there had been an automobile there he would have seen it; he testified also that his hearing was good and that his eyesight was good.

Ginter v. O'Donoghue, 179 S. W. (Mo. App.) 732, is a case very similar to the case at bar. There the plaintiff sued for damages alleging that the defendant, while operating an automobile on a public street, much used for travel, in the city of St. Joseph, negligently struck and injured her. The charges of negligence upon which the case was submitted were that the defendant ran his car in a careless, negligent and reckless manner, negligently ran his car against plaintiff without giving any alarm or signal of his approach. The jury found for the defendant and the trial court sustained a motion for a new trial, and defendant appealed. No grounds were specified in the order granting a new trial, but it was practically conceded that the court erred in instructing the jury on behalf of defendant to the effect that the law only required of him to exercise reasonable care. The action of the trial court was sustained on appeal because of the manifest error. We refer however to the O'Donoghue case rather at length because the facts are very similar to the facts of the instant case, and we also think it settles conclusively the question of plaintiff's duty to look.

Plaintiff in Ginter v. O' Donoghue, supra, was a girl not quite sixteen at the time of the injury which occured about nine o'clock at night on one of the much travelled thoroughfares of St. Joseph. The street was well lighted. Plaintiff leading her little five-year old sister by the hand came out of a store and went to the curb desiring to go diagonally across the street. When she reached the curb she looked both east and west and not seeing any automobile or vehicle coming, stepped out into the street. She had gone fifteen or twenty steps and was in the center of the street when defendant

in his automobile approached her from the rear and struck her. The court held that whether plaintiff looked or did not look, or if she 'looked, she could have seen, were questions of facts for the jury. These identical questions were submitted to the jury in the instant case. In the course of the opinion in the O'Donoghue case, l. c. 734, the court said:

"It cannot be said therefore that the evidence conclusively shows that plaintiff did not look before she started, or if she looked was clearly negligent in failing to see the car. If plaintiff exercised the care of an ordinarily prudent person by looking before she started across, then she is entitled to have a jury pass upon her case."

In this case the court clearly says that it was the duty of the plaintiff to look before she started across the street. The facts as to the condition of the street are very similar to the case at bar.

A pedestrian has the right to cross a thoroughfare at any point yet in crossing elsewhere than at the place set aside for the crossing of pedestrians he must exercise additional vigilence, though he is not required to keep a lookout to the rear, nor if he has started across a clear street to continue to lookout for approaching vehicles. In crossing a street he is not held to the same degree of care in stopping, looking and listening for approaching automobiles as is imposed upon a traveler at a railroad crossing in looking out for approaching trains, but is required to exercise reasonable care. It is the duty of a pedestrian traveling in a public street in a city, to exercise for his personal safety the faculties with which he is endowed by nature for his protection, and a person is not entitled to walk the streets with closed eyes and inattentive mind. [2 R. C. L., 1186; Minor v. Stevens, 118 Pac. (Wash.) 313; 42 L. R. A. (N. S.) 1178; Berry on Automobiles, secs. 214-215.]

It is evidently the duty of a person crossing a public street in a city to make reasonable use of all his senses in order to observe an impending danger, and if he

fails to do so and is injured by reason of such failure he is guilty of such negligence as would prevent any recovery for the injury sustained; but as to whether the pedestrian made reasonable use of his senses are questions for the jury, and not for the court, and in the instant case the jury determined that question against the plaintiff. Such reasonable use of the senses, however, means such use as an ordinary prudent and careful person would have used under like circumstances. [Minor v. Stevens, supra.]

To look for vehicles on approaching a crossing in a busy street is the natural thing for the pedestrian to do, and common observation and experience strongly and convincingly argues that the ordinary average person will not cross a busy street in a city without looking to see whether or not there may be approaching vehicles. Then is it not a duty to look? This is clearly the observation in Ginter v. O'Donoghue, supra, and is not in conflict with any rule announced in Bongner v. Ziegenhein, supra; rather is it in full accord with the doctrine announced in the Ziegenhein case, because in that case the court observes that there may be cases where it would be the duty of a person about to cross a street to look for approaching vehicles. All of the cases upon which plaintiff relies to relieve him as a matter of law from looking are where the injured person was seeking to recover damages for injuries received from automobiles while alighting from street cars, or leaving the curb to board street cars, or facts wholly dissimilar to the facts of the instant case.

Respondent in his brief filed in this court urges that the action of the trial court in granting him a new trial might be sustained because of the action of the trial court in permitting counsel for defendant to interrogate one of plaintiff's witnesses in an improper manner, but a careful examination of the record discloses that the trial court sustained all of the objections that were made by plaintiff with reference to this subject and therefore there was no error in this respect. Plaintiff raises the point in his brief in this court that

the trial court erred in refusing to give instruction "A" requested by him; but from an inspection of plaintiff's motion for a new trial it appears that no complaint is made therein as to the action of the trial court in refusing this instruction, and therefore that question is not before us.

Plaintiff insists that the trial court in its discretion may grant one new trial, and that its action will not be disturbed unless that discretion has been abused, and cites us to Tiede v. Fuhr, 195 S. W. (Mo.) 1008; and Cohn v. Railway, 182 Mo. 577, 81 S. W. 846; but an examination of these discloses that in the Fuhr case the trial court had sustained a demurrer to the evidence and compelled plaintiff to take an involuntary nonsuit, and also in the course of the trial the court had refused the right of the plaintiff to rigidly examine one of her witnesses who had changed fronts, it appears, since a former trial of the same cause, and this case is not authority on the question here under consideration. In the Cohn case it appears that after the introduction of plaintiff's evidence the defendant interposed a demurrer, and on a suggestion by the court that this demurrer would be sustained, plaintiff took a nonsuit, which on motion was set aside.

The statute, section 2038, Revised Statutes 1909, specifically provides that the party aggrieved may take an appeal "from any order granting a new trial." The right of an appeal from any order granting new trial would amount to nothing if the action of the trial court was not subject to review. [Ordelheide v. Berger Land Co., 208 Mo. l. c. 244, 106 S. W. 620.]

The general rule seems to be that an appellate court will not interfere with the action of the trial court in granting a new trial where it exercises a pure discretion, as for example on the grounds of the weight of the evidence, or that perjury has been committed, but where the ground is purely a judicial one, or an error of law as in the giving or refusing instructions as in the instant case an appellate court will review such matters. [Rigby v. St. Louis Transit Co., 153 Mo.

App. 330, 133 S. W. 110; Grain Co. v. Railroad, 177 Mo. App. 194, 164 S. W. 182: Ginter v. O'Donoghue. supra; Graney v. Railway, 157 Mo. 666, 57 S. W. 276; Haven v. Railway, 155 Mo. 216; 55 S. W. 1035.]

We have carefully examined the record and the view that we take of the law with reference to plaintiff's duty in the case at bar to look before he undertook to cross the street where he was injured, and as that question was submitted to the jury in an appropriate instruction in our opinion, except as to the word "listen" contained therein, which was harmless, we hold that the trial court was in error in granting plaintiff a new trial. This cause is therefore reversed and remanded with directions for the trial court to enter up judgment for the defendant on the verdict.

*Sturgis, P. J.,* and *Farrington, J.,* concur.